

**Lauren A. Ormsbee**
**Partner**
**Labaton Keller Sucharow LLP**
140 Broadway
New York, New York 10005
212.907.0864
LOrmsbee@labaton.com

July 8, 2025

**VIA ECF**

The Honorable Jeannette A. Vargas
United States District Court for the Southern
District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 703
New York, NY 10007

Re:     *In re QuidelOrtho Corp. Securities Litigation*, No. 24-cv-02804 (S.D.N.Y.)

Dear Judge Vargas:

Lead Plaintiffs respectfully submit the decisions in *Levon v. CorMedix Inc.*, No. CV 21-14020 (JXN) (CLW), 2025 WL 1810207 (D.N.J. June 30, 2025), *Courter v. CytoDyn, Inc.*, No. C21-5190 BHS, 2025 WL 1771244 (W.D. Wash. June 25, 2025), and *Helo v. Sema4 Holdings, Corp.*, No. CV-01131 (VDO), 2025 WL 1733387 (D. Conn. June 23, 2025), as supplemental authority in opposition to Defendants' motion to dismiss, which Lead Plaintiff opposed on June 4, 2025 (ECF No. 50, "Opposition Brief"). Defendants' reply brief in further support of its motion to dismiss is due to be submitted on July 9, 2025. Copies of these decisions are submitted herewith as Exs. A, B, C, respectively. Each decision is relevant to the arguments raised in Lead Plaintiffs' Opposition Brief, as set forth below.

In *CorMedix*, Defendants "had a duty to disclose other material information available" where they "commented on a material subject," namely concerns from the FDA. 2025 WL 1810207, at *5. The court rejected the defendants' argument that there were no "affirmative characterizations" regarding the likelihood of FDA approval, such that "the statements do not put 'in play' allegedly omitted information." *Id*. at *4. Alternatively, "[b]y making such a statement, Defendants had a duty to disclose any material information relating to that subject." *Id*. (finding statements about ability to pass FDA inspection materially false and misleading because CorMedix omitted material, adverse facts about CorMedix's operations, particularly then-existing deficiencies) (citation modified). Similarly, the court rejected defendants' argument that the statements at issue were inactionable because they were forward-looking, "not because they fail to 'correctly predict that the FDA would not approve DefenCath,' but because defendants concealed events that had occurred or were occurring." *Id*. at *5-6 ("Plaintiff does not allege that the [alleged forward-looking statements] are misleading because their predictions are incorrect but

 New York | Delaware | London | Washington, D.C.

LKS

July 8, 2025
Page 2

instead alleges that the [alleged forward-looking statements] are misleading because adverse events and risks underlying their predictions were not disclosed."). These portions of the *CorMedix* decision are relevant to Argument, Section I.B. of Lead Plaintiffs' opposition, as well as Lead Plaintiff's responses generally to Defendants' other safe harbor defenses (*see also id.* at 9-10, 19-20, 22-23).

The *CorMedix* court also found that the complaint alleged a strong inference of scienter where "executives make public statements asserting regulatory expertise or direct oversight, which are later contradicted by internal reports or known deficiencies." *Id.* at *6-7 (finding "direct oversight of a single-product company and repeated assurances to the market—tip the balance toward a culpable inference."). Further, *CorMedix* held that "misrepresentations concerning a flagship product are especially probative of scienter," as well as allegations that executives had access to "contradictory information concerning serious manufacturing deficiencies that were not disclosed to investors." *Id.* at *7-8. The CorMedix plaintiffs' core operations allegations, which "go beyond mere titles or positions; they demonstrate contemporaneous awareness and direct involvement," further supported scienter. *Id.* at *9-10 ("The Individual Defendants' repeated public assurances that manufacturing issues had been resolved, in light of contrary internal findings, were misleading and material."). These portions of the *CorMedix* decision are relevant to Argument, Section III of Lead Plaintiff's Opposition.

In *CytoDyn*, the court found that defendants' statements about the company's ongoing efforts to obtain FDA approval for the use of its product (Leronlimab) to treat HIV and then COVID-19 were, in context, sufficiently alleged to be materially false and misleading. 2025 WL 1771244 at *4-13. In doing so, the *CytoDyn* court found that the applicable "heightened pleading standard does not require [plaintiff] to allege that [defendants] 'guaranteed' that the FDA would approve [their product]; it requires him to plausibly allege that [defendants'] statements were knowingly false or misleading when made." *Id.* at *5. Moreover, the court found defendants' argument that the complaint's allegations amounted to "fraud in hindsight"—*i.e.*, "predictions" about the future that turned out to be wrong—unpersuasive because the statements "were knowingly false and misleading when made" based on present statements of fact. *Id.* at *5-6. This portion of the *CytoDyn* opinion is relevant to Argument, Section I.B. of Lead Plaintiff's Opposition.

The *CytoDyn* court also rejected defendants' additional falsity challenges. *Id.* at *11-13. For example, the court instructed that the PSLRA safe harbor does not apply when defendants' purported cautionary language warned of a mere possibility of risk that has already materialized. *Id.* at *11 ("CytoDyn warned that it 'might not be able to provide acceptable evidence of efficacy' when the FDA had already rejected its May 2020 BLA submission, and CytoDyn had no other 'acceptable' evidence to submit."). The *CytoDyn* court also found that statements are not inactionable opinions when they "include embedded facts" or the "public statements did not fairly align with information in [defendants'] possession." *Id.* at *11-12. Further, the Court found that statements "are not mere puffery where [defendant] was aware of facts rendering the optimistic



July 8, 2025
Page 3

statements false or misleading." *Id.* at *12-13. This portion of the *CytoDyn* opinion is relevant to Argument, Sections I and II of Lead Plaintiff's Opposition.

Finally, in *Sema4*, the court found alleged misstatements were not forward looking where "there remains non-forward-looking representations about [the product at issue] that 'communicate present or historical fact.'" 2025 WL 1733387, at *7 (crediting testimony of former employees that "plausibly shows" the then-existing capabilities of [the product at issue] were knowingly false). Further, the court also rejected defendants' puffery argument where alleged misstatements "did more than just offer rosy predictions," but rather "described that [the product] existed in an operational form … while they knew that the contrary was true." *Id.* at *8. This portion of the *Sema4* opinion is relevant to Argument, Section I of Lead Plaintiff's Opposition. As to scienter, the *Sema4* court relied on allegations of former employees who recounted that the C-Suite attended weekly calls to find that "the Individual Defendants, who are alleged to be chief executives which are part of the [c]ompany's C-Suite, had access to adverse information about [the product at issue] through these weekly occurrences that contradicted representations that [it] was operational, deployable, and performing capabilities." *Id.* at *9 (citation modified). This is relevant to Argument, Section III.A. of Lead Plaintiff's Opposition.

Very truly yours,

*Lauren A. Ormsbee*

Lauren A. Ormsbee