UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE QUIDELORTHO CORPORATION SECURITIES LITIGATION | No. 1:24-cv-02804-JAV<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE
PLAINTIFF'S APPENDIX A AND GLOSSARY**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Defendants*

Defendants QuidelOrtho Corporation ("QuidelOrtho"), Douglas Bryant, Joseph Busky, Randall Steward, Robert J. Bujarski, Michael Iskra, and Tamara Ranalli move to strike Appendix A to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Amended Class Action Complaint  (ECF No. 50-1, the "Appendix") and to partially strike the Glossary of Defined Terms included in Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Amended Class Action Complaint (ECF No. 50, the "Glossary").

## INTRODUCTION

In opposition to Defendants' pending Motion to Dismiss Plaintiff's Amended Class Action Complaint (ECF No. 48, the "Motion" or "Mot."), Plaintiff seeks to augment its deficient pleading with a 57-page Appendix and detailed five-page Glossary.  Plaintiff's Appendix purports to explain why each challenged statement is supposedly false or misleading—information not alleged in the Amended Complaint (ECF No. 42, the "Complaint").[1]  The Glossary, under the guise of providing "definitions," identifies each former employee ("FE"), the FE's role, qualifications, and duration of employment at QuidelOrtho and each "allegation attributable to" them.  In addition to being improper attempts to amend the Complaint, the Appendix and the Glossary add arguments to Plaintiff's Opposition in circumvention of the page limits agreed upon by the parties and ordered by the Court.  The Appendix should be stricken in its entirety, the Glossary should be stricken in part, and the Court should not consider them in ruling on the Motion.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ.

---

[1] Citations in the form of "¶ __" are to the Complaint (Dkt. No. 42).

1

P. 12(f).  Because Plaintiff's Appendix and Glossary effectively seek to amend the Complaint, a Rule 12(f) motion to strike information from a pleading is appropriate.  *See, e.g.*, *Rosado-Acha v. Red Bull Gmbh*, 2016 WL 3636672, at \*7–8 (S.D.N.Y. June 29, 2016) (granting motion to strike materials submitted in connection with opposition to defendant's motion to dismiss that "consist[ed] entirely of brand-new factual allegations not made or even referenced in either of his complaints").

### ARGUMENT

**I.    Plaintiff's Appendix and Glossary Improperly Circumvent the Agreed-Upon Page Limit**

In addition to Plaintiff's 35-page Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Amended Class Action Complaint (ECF No. 50, the "Opposition" or "Opp."), Plaintiff submitted a 57-page Appendix and detailed five-page Glossary of purportedly defined terms, more than doubling the opposition brief's length.

The Appendix is a transparent attempt to supplement the Opposition with additional argument and circumvent the Court-ordered page limitation.[2]  ECF Nos. 45, 46.  The column headings alone make that clear.  For example, one column of the Appendix identifies which specific paragraphs in the Complaint purportedly provide "Direct Support for Falsity[.]"  *See, e.g.*, ECF No. 50-1 at 1.  Another column, identifying "Plaintiffs' Rebuttal" arguments to "Defendants' Challenges," makes conclusory legal arguments in response to the Motion, like claiming that certain statements are "Not Protected Forward-Looking" or "Not Inactionable Puffery."  *See, e.g.*,

---

[2] Although Defendants submitted an appendix in support of their Motion, *see* ECF No. 48-1, that document contains no argument.  Plaintiff's Appendix, by contrast, contains arguments and information not found in the Complaint.  Given the Complaint's significant length and Plaintiff's inconsistent and convoluted framing of 104 alleged false or misleading statements, Mot. 17 n.11, Defendants submitted an organizational reference tool to facilitate the Court's analysis of the challenged statements.  *See Hawes v Argo Blockchain plc*, 2024 WL 4451967, at \*1 (S.D.N.Y. Oct. 9, 2024) ("commend[ing]" defendant's appendix because it was a summary "the court would otherwise have had to" create).

*id.* (identifying several reasons purportedly disputing Defendants' challenges to Statement No. 1).

Plaintiff's Glossary similarly seeks to supplement the Opposition beyond the agreed-upon page limit. In particular, Plaintiff "defines" each of the twenty-one FEs in a belated attempt to connect the labyrinth of scattered FE allegations in the Complaint to each individual FE. ECF No. 50 at ix–xi. For example, Plaintiff pieces together multiple allegations to describe FE-4 as "a scientist who held senior level marketing roles from mid-2020 until Fall 2023 and led the EU launch of Savanna RVP4 and drafted Savanna marketing materials." Opp. ix; *see, e.g.*, ¶¶ 11, 49, 143, 144, 163, 166, 212. Plaintiff also identifies no less than 31 allegations as "attributable to FE-4." Opp. ix.

The Appendix and the FE definitions in the Glossary plainly are argumentative, and there is no justification for allowing Plaintiff to exceed substantially the allotted page limit by using an appendix and glossary to present further argument in support of the Complaint. *See Pacenza v. IBM Corp.*, 363 F. App'x 128, 130 (2d Cir. 2010) (affirming lower court's decision to strike "extraneous arguments [that] constituted an attempt by the Plaintiff to circumvent page-limit requirements placed on legal memoranda submitted to the court"); *see also D.P. v. New York City Dep't of Educ.*, 2022 WL 103536, at *1, n.1 (S.D.N.Y. Jan. 10, 2022), *aff'd sub. nom.*, *H.C. v. New York City Dep't of Educ.*, 71 F.4th 120 (2d Cir. 2023) (admonishing plaintiff for filing declarations that included legal and factual arguments as "poorly-disguised efforts to circumvent the page limits"); *Curran v. Aetna Life Ins. Co.*, 2016 WL 3843085, at *8 (S.D.N.Y. July 11, 2016) ("[I]t is clear to the Court that this [declaration] is a thinly-veiled attempt to supplement Plaintiff's twenty-five page memorandum of law with more pages of legal argument than the Court's Individual Rules and Practices allow absent leave of Court. The Court will not tolerate such a blatant attempt to circumvent the rules."). Plaintiff had 35 pages to present these arguments in its

3

Opposition, but it did not.  It should not be permitted unilaterally to expand the page limits under the guise of an appendix and glossary.

**II.    Plaintiff's Appendix and Glossary Improperly Seek to Amend the Complaint**

Under the Private Securities Litigation Reform Act and Federal Rule of Civil Procedure 9(b), a plaintiff must allege material misstatements with particularity and clearly "specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading." *Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 353 (2d Cir. 2022); 15 U.S.C. § 78u-4(b)(1); Fed. R. Civ. P. 9(b).  The connection between any allegedly false or misleading statements and the facts purportedly supporting fraud must be alleged *in the complaint*, not in an opposition defending against the complaint's dismissal.  *See* 15 U.S.C. § 78u-4(b)(1)(B) ("[T]he complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.").

Plaintiff cannot now attempt to remedy its deficient pleading by using its Appendix and Glossary to connect each challenged statement to the reasons why that statement purportedly is false or misleading, and the FEs whose accounts purportedly support those reasons, in a way not done in the Complaint.  *See McCray v. City of New York*, 2007 WL 4352748, at *30 n.34 (S.D.N.Y. Dec. 11, 2007) (granting motion to dismiss and finding that making "allegations more appropriately specific" in an opposition brief is an "impermissibl[e] attempt to amend the[] [c]omplaints") (citing *Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988)); *see also Lesser v. TD Bank, N.A.*, 2020 WL 1943050, at *11 (S.D.N.Y. Apr. 23, 2020) ("A party opposing a motion to dismiss cannot amend its complaint by making new factual allegations in a memorandum of law opposing that motion or attaching evidentiary matter.").

Regardless of whether the Court considers any portion of the Appendix or the FE "definitions" in the Glossary (which it should not), Plaintiff's need to supplement the Opposition with these documents in itself demonstrates the Complaint's deficiencies. Plaintiff apparently needed more than 60 extra pages to make sense of the nearly 200-page Complaint and clarify for the Court who made each statement, the date and manner in which each statement was disseminated, and why each statement was actionably false or misleading when made. That alone shows the Complaint is deficient. *See Tarapara v. K12 Inc.*, 2017 WL 3727112, at *27 (N.D. Cal. Aug. 30, 2017) (finding that "[i]n the court's view, when each side finds it necessary to submit a lengthy 'Appendix' … in connection with a motion to dismiss, that in itself is a sure indication that the complaint is overly long and convoluted").

## CONCLUSION

Defendants' motion to strike the Appendix and the twenty-one FE entries from the Glossary should be granted in full.

5

Dated: July 9, 2025                              Respectfully submitted,

New York, New York                               GIBSON, DUNN & CRUTCHER LLP


                                                   By: */s/ Colin B. Davis*
                                                        Colin B. Davis

                                                   3161 Michelson Drive
                                                   Suite 1200
                                                   Irvine, CA 92612
                                                   Tel: (949) 451-3800
                                                   cdavis@gibsondunn.com
                                                   (*admitted pro hac vice*)

                                                   Brian M. Lutz
                                                   One Embarcadero Center
                                                   Suite 2600
                                                   San Francisco, CA 94111
                                                   Tel: (415) 393-8200
                                                   blutz@gibsondunn.com

                                                   Dana E. Sherman
                                                   200 Park Avenue
                                                   New York, NY 10166
                                                   Tel: (212) 351-4000
                                                   dsherman@gibsondunn.com

                                                   *Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

I, Colin B. Davis, hereby certify that this memorandum of law complies with the length restrictions in Local Civil Rule 7.1(c).

I further certify that this memorandum of law contains 1,435 words, including any footnotes or endnotes and excluding only those sections of the brief that are exempted under Local Rule 7.1(c) and Your Honor's Individual Practices.  In preparing this certificate of compliance, I have relied on the word count of the word-processing system used to prepare this memorandum of law.

*/s/ Colin B. Davis*
Colin B. Davis