UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE QUIDELORTHO CORPORATION SECURITIES LITIGATION | No. 1:24-cv-02804-JAV |

**DEFENDANTS' REQUEST FOR CONSIDERATION OF DOCUMENTS
INCORPORATED BY REFERENCE AND ELIGIBLE FOR JUDICIAL NOTICE IN
SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Pursuant to Federal Rule of Evidence 201, Defendants QuidelOrtho Corporation ("QuidelOrtho" or the "Company"), Douglas Bryant, Joseph Busky, Randall Steward, Robert J. Bujarski, Michael Iskra, and Tamara Ranalli (together with QuidelOrtho, "Defendants") hereby request that the Court consider incorporated by reference or take judicial notice of the following documents included in the Declaration of Colin B. Davis (ECF No. 49, the "Motion to Dismiss Declaration") submitted with Defendants' Motion to Dismiss (ECF No. 48, the "Motion") and the Declaration of Colin B. Davis submitted with Defendants' Reply Memorandum in Further Support of Defendants' Motion to Dismiss the Amended Class Action Complaint (ECF No. 61, together with the Motion to Dismiss Declaration, the "Declarations") in deciding the Motion.

**INTRODUCTION**

In ruling on a motion to dismiss, courts may consider matters outside the four corners of a complaint through (i) the doctrine of incorporation by reference and (ii) judicial notice under Federal Rule of Evidence 201. Most of the documents in the Declarations are incorporated by reference in Plaintiff's Amended Complaint (ECF No. 42, the "Complaint"), and all are judicially

noticeable.  Defendants respectfully request that this Court consider these documents in deciding the Motion.[1]

## ARGUMENT

The documents included in the Declarations meet the standards for consideration in ruling on a motion to dismiss.  The court may "rely upon documents attached to the complaint as exhibits[] and documents incorporated by reference in the complaint."  *Cloister E., Inc. v. N.Y. State Liquor Auth.*, 563 F. Supp. 3d 90, 105 (S.D.N.Y. 2021) (quoting *Halebian v. Berv*, 644 F.3d 122, 130 n.7 (2d Cir. 2011)).  This Court also "may judicially notice a fact that is not subject to reasonable dispute" where it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); *Kramer v. Time Warner Inc*., 937 F.2d 767, 774 (2d Cir. 1991).  A Court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).  The exhibits are filings with the U.S. Securities and Exchange Commission ("SEC"), transcripts or presentations from investor calls and conferences, articles and press releases, and a chart of the Company's stock price over time—most of which are referenced, quoted, or both in the Complaint and/or are central to its claims.

Consideration of documents other than the complaint is particularly important in securities fraud actions, where courts must apply a higher pleading standard under Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995.  As a result, courts considering a motion to dismiss are compelled to consider additional context to determine whether each challenged statement was false or misleading and whether any defendant acted with scienter. As the Supreme Court explained in *Omnicare, Inc. v. Laborers District Council Construction*

---

[1] Defendants maintain that their request for consideration set forth in the Motion was sufficient in the first place, *see* Mot. 3 n.1, but submit this Request for Consideration of Documents Incorporated by Reference and Eligible for Judicial Notice to avoid further dispute.

*Industry Pension Fund*, whether a statement was false or misleading "always depends on context" because "an investor reads each statement within such a document, whether of fact or of opinion, in light of all its surrounding text, including hedges, disclaimers, and apparently conflicting information." 575 U.S. 175, 190 (2015); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 332–34 (2007) (courts must consider the complaint "as well as other sources," namely "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" when weighing competing inferences of scienter).

The undisputed contents of the documents included in the Declarations contradict Plaintiff's conclusory allegations and add content to statements presented in isolation, illustrating why the Court should not accept Plaintiff's conclusory allegations as true. Accordingly, courts regularly consider the type of documents submitted by Defendants:

**<u>SEC Filings</u>**. Exhibits 1, 8, and 47 are excerpts or copies of publicly available filings with the SEC. It is well-established that courts considering a motion to dismiss may consider "public disclosure documents required by law to be, and that have been, filed with the SEC" to determine what the document stated. *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 179 (2d Cir. 2014); *see also Kramer*, 937 F.2d at 774 (explaining that "it is highly impractical and inconsistent with Fed. R. Evid. 201 to preclude a district court from considering [documents publicly filed with the SEC] when faced with a motion to dismiss a securities action based on allegations of material misrepresentations or omissions" as "no serious question as to their authenticity can exist"); *Tongue v. Sanofi*, 816 F.3d 199, 209 (2d Cir. 2016) ("The Court may also 'consider any … legally required public disclosure documents filed with the SEC'") (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).

**Transcripts and Presentations**.  Exhibits 5, 6 and 45 are publicly available transcripts or presentations from investor calls and conferences, which may be considered by the Court for the context in which the challenged statements were made.  *See, e.g.*, *Long Miao v. Fanhua, Inc.*, 442 F. Supp. 3d 774, 786 n.9 (S.D.N.Y. 2020) (explaining that courts regularly take notice of investor call transcripts); *In re Kandi Techs. Grp., Inc. Sec. Litig.*, 2019 WL 4918649, at *1 n.1 (S.D.N.Y. Oct. 4, 2019) (explaining that the court may consider "publicly-available information, such as press releases and earnings call transcripts"); *Frankfurt-Tr. Inv. Luxemburg AG v. United Techs. Corp.*, 336 F. Supp. 3d 196, 205 (S.D.N.Y. 2018) (considering transcripts from calls and conferences with investors and analysts), *aff'd sub nom. Kapitalforeningen Lægernes Inv. v. United Techs. Corp.*, 779 F. App'x 69 (2d Cir. 2019); *Pehlivanian v. China Gerui Advanced Materials Grp., Ltd.*, 153 F. Supp. 3d 628, 642–43 (S.D.N.Y. 2015).

Exhibits 30, 33, 37 and 43 are publicly available Bloomberg transcripts of earning calls and investor presentations referenced in the Complaint.  These documents are at the core of Plaintiff's Complaint, which highlights isolated statements made on earnings calls and during investor presentations that allegedly were misleading to investors.  Given that they are central to Plaintiff's allegations and referenced in the Complaint, the Court should consider these transcripts incorporated by reference.  *Cloister*, 563 F. Supp. 3d at 105; *In re CV Scis., Inc. Sec. Litig.*, 2019 WL 6718086, at *2 n.23 (D. Nev. Dec. 10, 2019) (finding transcript incorporated by reference in the complaint even though complaint cited a different version of the transcript because "the amended complaint alleges the content of the call transcript—the defendants' statements during the call").  Because earnings call and investor transcripts are also publicly available, the Court may take judicial notice of them as well.  *In re Amarin Corp. PLC Sec. Litig.*, 2021 WL 1171669, at *11 (D.N.J. March 29, 2021) (taking judicial notice of Bloomberg transcript for "consider[ation] by the Court on the motion to dismiss"); *see also Long Miao*, 442 F. Supp. 3d at 786 n.9.

4

**Press Releases**.  Exhibits 2 and 36 are press releases that are matters of public record and may be considered "for the fact of their publication."  *Lapin v. Goldman Sachs Grp., Inc.*, 506 F. Supp. 2d 221, 228 n.1 (S.D.N.Y. 2006) (citing *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 383 n. 3 (S.D.N.Y. 2003)); *In re Bank of Am. AIG Disclosure Sec. Litig.*, 980 F. Supp. 2d 564, 570 (S.D.N.Y. 2013) (courts may consider "press coverage establishing what information existed in the public domain during periods relevant to the plaintiffs' claims"), *aff'd*, 566 F. App'x 93 (2d Cir. 2014); *see also Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 60 n.2 (2d Cir. 2020) (taking judicial notice of scientific publications "for the publication of such information and relevant discussion in the scientific community").

**Stock Prices**.  Finally, exhibit 46 is a chart of the Company's share prices over time.  The Court may take judicial notice of "well-publicized stock prices" regardless of whether the data has been "attached to the Complaint as an exhibit or incorporated by reference."  *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 166 n.8 (2d Cir. 2000) (collecting cases); *see also Acticon AG v. China N. E. Petroleum Holdings, Ltd.*, 692 F.3d 34, 37 n.1 (2d Cir. 2012).

The remaining exhibits submitted in support of the Motion, and attached to the Motion to Dismiss Declaration, are incorporated by reference in the Complaint, as Plaintiff concedes in its motion to strike.  *See* ECF No. 52 at 11–12.  It is well-established that documents referenced in a complaint may be considered by courts when resolving motions to dismiss.  *ATSI*, 493 F.3d at 98 (courts "may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit"); *see also Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 352 n.3 (2d Cir. 2022) ("[D]istrict courts may 'permissibly consider documents other than the

complaint' for the truth of their contents if they 'are attached to the complaint or incorporated in it by reference.'").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court consider the foregoing exhibits in conjunction with the Motion.


Dated: July 9, 2025                        Respectfully submitted,
      New York, New York

                                        GIBSON, DUNN & CRUTCHER LLP


By: */s/ Colin B. Davis*
     Colin B. Davis

     3161 Michelson Drive
     Suite 1200
     Irvine, CA 92612
     Tel: (949) 451-3800
     cdavis@gibsondunn.com
     (*admitted pro hac vice*)

     Brian M. Lutz
     One Embarcadero Center
     Suite 2600
     San Francisco, CA 94111
     Tel: (415) 393-8200
     blutz@gibsondunn.com

     Dana E. Sherman
     200 Park Avenue
     New York, NY 10166
     Tel: (212) 351-4000
     dsherman@gibsondunn.com

     *Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

I, Colin B. Davis, hereby certify that this memorandum of law complies with the length restrictions in Local Civil Rule 7.1(c), as modified by § 5(A) of this Court's Individual Practices in Civil Cases. I further certify that this memorandum of law contains 1,516 words, including any footnotes or endnotes and excluding only those sections of the brief that are exempted under Local Rule 7.1(c). In preparing this certificate of compliance, I have relied on the word count of the word-processing system used to prepare this memorandum of law.

*/s/ Colin B. Davis*

Colin B. Davis