UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE QUIDELORTHO CORPORATION SECURITIES LITIGATION | No. 1:24-cv-02804-JAV |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF COLIN B. DAVIS, EXHIBITS ATTACHED THERETO, AND DEFENDANTS' APPENDIX A**

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Defendants*

**TABLE OF CONTENTS**

**Page(s)**

INTRODUCTION ..............................................................................................................1

LEGAL STANDARDS .....................................................................................................2

    I.     Motion to Strike ................................................................................. 2

    II.    Incorporation by Reference and Judicial Notice.................................................... 2

ARGUMENT.....................................................................................................................3

    I.     Plaintiff's Motion to Strike Is Procedurally Improper and Should Be Denied....... 4

    II.    Courts in This Circuit Routinely Grant Footnote Requests to Consider Documents Submitted with Motions to Dismiss ..................................................... 5

    III.    Exhibits 1–2, 5–6, 8, 36, and 45–46 Are Suitable for Judicial Notice.................... 7

    IV.    Exhibits 3–4, 7, 9–29, 31–32, 34, 35, 38–42, and 44 Can Be Considered ........... 11

    V.    Courts Regularly Consider Charts of Alleged Misstatements Similar to Appendix A .......................................................................................................... 14

    VI.    Exhibits 30, 33, 37, and 43 Are Appropriate for Consideration and Should Not Be Stricken.................................................................................................... 15

CONCLUSION.................................................................................................................16

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Abdin v. CBS Broad. Inc.*,
971 F.3d 57 (2d Cir. 2020)................................................................................................10

*Acticon AG v. China N. E. Petroleum Holdings, Ltd.*,
692 F.3d 34 (2d Cir. 2012)................................................................................................11

*In re Amarin Corp. PLC Sec. Litig.*,
2021 WL 1171669 (D.N.J. March 29, 2021)....................................................................16

*In re AppHarvest Sec. Litig.*,
684 F. Supp. 3d 201 (S.D.N.Y. 2023)................................................................................4

*Ark. Public Emps. Ret. Sys. v. Bristol-Myers Squibb*,
28 F.4th 343 (2d Cir. 2022) ...............................................................................3, 12, 13, 14

*In re Bank of Am. AIG Disclosure Sec. Litig.*,
980 F. Supp. 2d 564 (S.D.N.Y. 2013), *aff'd*, 566 F. App'x 93 (2d Cir. 2014)........................10

*Bazzelle v. Novocure Ltd.*,
2025 WL 843668 (S.D.N.Y. 2025).................................................................................4, 5

*Berman v. Sugo LLC*,
580 F. Supp. 2d 191 (S.D.N.Y. 2008)..............................................................................12

*In re Bristol-Myers Squibb Co. CVR Sec. Litig.*,
658 F. Supp. 3d 220 (S.D.N.Y. 2023)................................................................................5

*Buhrke Family Revocable Tr. v. U.S. Bancorp*,
726 F. Supp. 3d 315 (S.D.N.Y. 2024)................................................................................9

*Carovillano v. Sirius XM Radio Inc.*,
715 F. Supp. 3d 562 (S.D.N.Y. 2024)..............................................................................12

*City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*,
752 F.3d 173 (2d Cir. 2014)................................................................................................9

*Cloister E., Inc. v. N.Y. State Liquor Auth.*,
563 F. Supp. 3d 90 (S.D.N.Y. 2021).............................................................................2, 3

*In re CV Sciences, Inc. Sec. Litig.*,
2019 WL 6718086 (D. Nev. Dec. 10, 2019)....................................................................16

*Denny v. Canaan Inc.*,
2023 WL 2647855 (S.D.N.Y. Mar. 27, 2023) .............................................................11, 13

*Diesel v. Town of Lewisboro*,
232 F.3d 92 (2d Cir. 2000).................................................................................................7

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*DiGiacinto v. RB Health (US) LLC*,
   2023 WL 7141263 (N.D. Cal. Oct. 30, 2023)...............................................................6

*In re DraftKings Inc. Sec. Litig.*,
   650 F. Supp. 3d 120 (S.D.N.Y. 2023)..........................................................................5

*Effie Film, LLC v. Pomerance*,
   909 F. Supp. 2d 273 (S.D.N.Y. 2012)..........................................................................9

*F.T.C. v. Tax Club, Inc.*,
   994 F. Supp. 2d 461 (S.D.N.Y. 2014)..........................................................................7

*Faber v. Metro. Life Ins. Co.*,
   648 F.3d 98 (2d Cir. 2011)...........................................................................................2

*Fogel v. Wal-Mart de Mexico SAB de CV*,
   2017 WL 751155 (S.D.N.Y. Feb. 27, 2017), *aff'd sub nom. Fogel v. Vega*,
   759 F. App'x 18 (2d Cir. 2018), *and aff'd sub nom. Fogel v. Vega*, 759 F.
   App'x 18 (2d Cir. 2018)..............................................................................................15

*Ganino v. Citizens Utils. Co.*,
   228 F.3d 154 (2d Cir. 2000).......................................................................................11

*In re Garrett Motion Inc. Sec. Litig.*,
   2023 WL 2744029 (S.D.N.Y. Mar. 31, 2023), *aff'd sub nom. Gabelli Asset
   Fund v. Garrett Motion Inc.*, 2024 WL 1653451 (2d Cir. Apr. 17, 2024) ...............14

*Gluck v. Hecla Mining Co.*,
   657 F. Supp. 3d 471 (S.D.N.Y. 2023)..........................................................................5

*GMH Cap. Partners v. Fitts*,
   2025 WL 950674 (S.D.N.Y. March 28, 2025) .............................................................9

*Hawes v. Argo Blockchain plc*,
   2024 WL 4451967 (S.D.N.Y. Oct. 9, 2024) ...............................................................14

*Honig v. Hansen*,
   2021 WL 4651475 (S.D.N.Y. Oct. 6, 2021) .................................................................4

*Howard v. Arconic Inc.*,
   395 F. Supp. 3d 516 (W.D. Pa. 2019).........................................................................16

*I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co.*,
   936 F.2d 759 (2d Cir. 1991)..........................................................................................7

*In re Int. Rate Swaps Antitrust Litig.*,
   261 F. Supp. 3d 430 (S.D.N.Y. 2017).........................................................................12

iv

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*U.S. ex rel. K&R Ltd. P'ship v. Mass. Hous. Fin. Agency*,
456 F. Supp. 2d 46 (D.D.C. 2006), *aff'd*, 530 F.3d 980 (D.C. Cir. 2008) ................................ 15

*In re Kandi Techs. Grp., Inc. Sec. Litig.*,
2019 WL 4918649 (S.D.N.Y. Oct. 4, 2019) ............................................................................ 11

*Kramer v. Time Warner Inc.*,
937 F.2d 767 (2d Cir. 1991) ................................................................................... 3, 7, 8, 9, 15

*Labul v. XPO Logistics*,
2021 WL 1056828 (D. Conn. Mar. 19, 2021), *aff'd sub nom. Loc. #817 IBT
Pension Fund v. XPO Logistics, Inc.*, 2022 WL 2358414 (2d Cir. June 30,
2022) ...................................................................................................................................... 11

*Lapin v. Goldman Sachs Grp., Inc.*,
506 F. Supp. 2d 221 (S.D.N.Y. 2006) ..................................................................................... 10

*Lateral Recovery, LLC v. Cap. Merch. Servs., LLC*,
632 F. Supp. 3d 402 (S.D.N.Y. 2022) ....................................................................................... 8

*Latino Quimica-Amtex S.A. v. Akzo Nobel Chemicals B.V.*,
2005 WL 2207017 (S.D.N.Y. Sept. 8, 2005) ............................................................................ 4

*Long Miao v. Fanhua, Inc.*,
442 F. Supp. 3d 774 (S.D.N.Y. 2020) ....................................................................................... 5

*In re MINISO Grp. Holding Ltd. Sec. Litig.*,
2024 WL 759246 (S.D.N.Y. Feb. 23, 2024), *reconsideration denied sub nom.
In re Miniso Grp. Holding Ltd. Sec. Litig.*, 2025 WL 965688 (S.D.N.Y. Mar.
30, 2025) .................................................................................................................................. 5

*Ohio Pub. Emps. Ret. Sys. v. Discovery, Inc.*,
715 F. Supp. 3d 483 (S.D.N.Y. 2024), *aff'd*, 2024 WL 4647131 (2d Cir. Nov.
1, 2024) .................................................................................................................................. 13

*Onosamba-Ohindo v. Searls*,
678 F. Supp. 3d 364 (W.D.N.Y. 2023) ...................................................................................... 6

*Optionality Consulting Pte. Ltd. v. Nekos*,
2019 WL 4523469 (S.D.N.Y. Sept. 18, 2019) ..................................................................... 7, 14

*Philpot v. Alternet Media, Inc.*,
2018 WL 6267876 (N.D. Cal. Nov. 30, 2018) ........................................................................ 6, 7

*Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of
Commerce*,
694 F. Supp. 2d 287 (S.D.N.Y. 2010) ....................................................................................... 8

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Primmer v. CBS Studios, Inc.*,
 667 F. Supp. 2d 248 (S.D.N.Y. 2009)........................................................................6

*Roth v. Jennings*,
 489 F.3d 499 (2d Cir. 2007)....................................................................................12

*San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos.,
 Inc.*,
 75 F.3d 801 (2d Cir. 1996)......................................................................................14

*Saraf v. Ebix, Inc.*,
 2023 WL 4561655 (S.D.N.Y. July 17, 2023), *aff'd in part*, 2024 WL 1298246
 (2d Cir. Mar. 27, 2024), and *aff'd in part*, 2024 WL 5103313 (2d Cir. Dec. 13,
 2024) ..........................................................................................................................5

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
 547 F.3d 406 (2d Cir. 2008)......................................................................................8

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
 551 U.S. 308 (2007)...................................................................................................8

*Tongue v. Sanofi*,
 816 F.3d 199 (2d Cir. 2016).......................................................................................9

*New York ex rel. TZAC, Inc. v. New Israel Fund*,
 520 F. Supp. 3d 362 (S.D.N.Y. 2021).......................................................................5

*In re UBS Auction Rate Sec. Litig.*,
 2010 WL 2541166 (S.D.N.Y. June 10, 2010) ......................................................8, 13

*White v. Mylan, Inc.*,
 2012 WL 6951323 (W.D. Okla. Dec. 28, 2012)........................................................6

*Winklevoss Cap. Fund, LLC v. Shrem*,
 351 F. Supp. 3d 710 (S.D.N.Y. 2019).......................................................................2

*In re Yatsen Holding Ltd. Sec. Litig.*,
 2024 WL 3498049 (S.D.N.Y. July 22, 2024) ..........................................................12

*United States ex rel. Yu v. Grifols USA, LLC*,
 2021 WL 4429375 (S.D.N.Y. Sept. 26, 2021)...................................................2, 3, 4

**Rules**

Fed. R. Civ. P. 12(f)..........................................................................................................2, 3, 4

Fed. R. Evid. 201(b)................................................................................................................3, 8

Fed. R. Evid. 201(c)(1) ..............................................................................................................5

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

Fed. R. Evid. 201(c)(2) ...........................................................................................................5

Defendants QuidelOrtho Corporation ("QuidelOrtho" or the "Company"), Douglas Bryant, Joseph Busky, Randall Steward, Robert J. Bujarski, Michael Iskra, and Tamara Ranalli submit this memorandum of law in opposition to Plaintiff's Motion to Strike the Declaration of Colin B. Davis, Exhibits Attached Thereto, and Defendants' Appendix A Pursuant to Rules 12(d) and 12(f) (ECF No. 52, the "Motion to Strike" or "Mot. to Strike").

## INTRODUCTION

Plaintiff's Motion to Strike is a diversion to avoid meaningful scrutiny of the dispositive flaws in Plaintiff's Amended Complaint (ECF No. 42, the "Complaint"). Plaintiff challenges all 46 exhibits accompanying Defendants' motion to dismiss (ECF No. 48, the "Motion" or "Mot.")— nearly all of which are QuidelOrtho's public filings or other widely disseminated public documents cited simply to show information available to the market—and Appendix A to the Motion (ECF No. 48-1 or "Appendix A"). Plaintiff concedes the vast majority of Defendants' exhibits are appropriate for the Court's consideration because they are incorporated by reference in the Complaint, yet it disputes the Court's ability to consider those documents for their truth. Mot. to Strike 12. Although well-established precedent allows this Court to consider incorporated documents for their truth, the Court need not do so here. Rather, the Court need only consider the information in Defendants' exhibits as showing the information available to the market when the challenged statements were made. Courts reviewing motions to dismiss securities fraud claims are permitted to look beyond a plaintiff's cherry-picked quotes to understand the full context of the alleged misstatements or omissions.

That Plaintiff seeks to exclude information contradictory to its allegations and set forth in documents incorporated by reference in the Complaint speaks volumes. The success of the Motion does not depend on what exhibits are considered at this stage. But the Court should consider the

whole truth, including information contradictory to Plaintiff's narrative that Plaintiff chose to ignore. Even if Plaintiff's gambit resulted in striking a few exhibits, which it should not, the outcome would be the same: The Complaint must be dismissed in its entirety with prejudice.

## LEGAL STANDARDS[1]

### I.    Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike "are viewed with disfavor and infrequently granted." *Winklevoss Cap. Fund, LLC v. Shrem*, 351 F. Supp. 3d 710, 722 (S.D.N.Y. 2019). "The text of the rule permits a court to strike materials from 'a pleading.' As a result, some courts have declined to strike documents other than pleadings under the rule." *United States ex rel. Yu v. Grifols USA, LLC*, 2021 WL 4429375, at *1 (S.D.N.Y. Sept. 26, 2021) (collecting cases).

### II.    Incorporation by Reference and Judicial Notice

In considering a motion to dismiss, a court may "rely upon documents attached to the complaint as exhibits and documents incorporated by reference in the complaint." *Cloister E., Inc. v. N.Y. State Liquor Auth.*, 563 F. Supp. 3d 90, 105 (S.D.N.Y. 2021). "'[W]hen a plaintiff chooses not to attach to the complaint to incorporate by reference a document upon which it … relies and which is integral to the complaint,' the [c]ourt nevertheless may consider the document in deciding the defendant's motion to dismiss." *Id.* A court may consider certain extraneous documents without converting a motion to dismiss to one for summary judgment. *See Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

---

[1] All references to "Exhibits" and citations to "Ex. __" refer to the exhibits attached to the Declaration of Colin B. Davis filed in connection with Defendants' Motion to Dismiss Plaintiff's Amended Class Action Complaint (ECF No. 49). Citations in the form of "¶ __" are to the Complaint (Dkt. No. 42). All emphasis in citations is added, and all internal citations and quotation marks are omitted.

2

The Court also may consider "matters of which judicial notice may be taken." *Cloister*, 563 F. Supp. at 105; *see also* Fed. R. Evid. 201(b). Federal Rule of Evidence 201 permits a court to take judicial notice of facts that are "not subject to reasonable dispute" because they (i) are "generally known within the trial court's territorial jurisdiction," or (ii) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "When the court takes judicial notice of documents, it must rely on such documents only for the fact that the statement was made." *Ark. Public Emps. Ret. Sys. v. Bristol-Myers Squibb*, 28 F.4th 343, 352 (2d Cir. 2022); *see also Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (noting when "documents … are alleged to contain the various misrepresentations or omissions," they "are relevant … to determine what the documents stated"). In securities cases, "[i]t is proper to take judicial notice of the fact that press coverage, prior lawsuits, or regulatory filings contained certain information, without regard to the truth of their contents." *Bristol-Myers Squibb*, 28 F.4th at 352.

## ARGUMENT

Plaintiff moves to strike every single exhibit attached to Defendants' motion to dismiss on the basis that (i) eight exhibits are not mentioned in the Complaint, (ii) thirty-two exhibits should not be considered for their truth, and (iii) four exhibits are different versions of the earnings call or investor conference transcripts than the ones on which Plaintiff relied. Plaintiff also seeks to exclude Defendants' Appendix A—a chart Defendants submitted with their motion to dismiss as an organizational tool to make sense of the unwieldy Complaint—because it incorporates Defendants' exhibits. Plaintiff does not argue that Defendants' exhibits or Appendix A are "redundant, immaterial, impertinent, or scandalous," Fed. R. Civ. P. 12(f), or "address the high burden associated with a motion to strike a document from the record in its entirety," *Grifols*, 2021

3

WL 442975, at *2. Plaintiff instead "conflates the standard applicable to a motion to strike a document from the record in its entirety with the standard for whether the courts can consider documents extrinsic to a complaint in the context of a motion to dismiss." *Id.* As explained below, Plaintiff has no basis to object to Defendants' exhibits, all of which are publicly available documents routinely considered by courts in this Circuit in ruling on motions to dismiss securities class actions.

## I.        Plaintiff's Motion to Strike Is Procedurally Improper and Should Be Denied

Plaintiff's motion should be denied because it is procedurally improper. *In re AppHarvest Sec. Litig.*, 684 F. Supp. 3d 201, 238 (S.D.N.Y. 2023). Plaintiff asks the Court to strike Defendants' exhibits under Federal Rule of Civil Procedure 12(f). Rule 12(f) provides that "[t]he court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). The Federal Rules "exclude[] motions from the definition of pleadings, and courts in this district have held that Rule 12(f) does not authorize this court to strike documents other than pleadings." *Honig v. Hansen*, 2021 WL 4651475, at *3 (S.D.N.Y. Oct. 6, 2021) (collecting cases). Where, as here, a plaintiff moves to strike documents other than a pleading under Rule 12(f), courts routinely deny the motion to strike. *See, e.g.*, *id.* ("The Court agrees with Defendants that Plaintiff's motion to strike these exhibits is procedurally improper … Rule 12(f) does not allow for the relief requested by Plaintiff—i.e., for the Court to strike certain materials submitted in support of a motion to dismiss." (collecting cases)); *see also Bazzelle v. Novocure Ltd.*, 2025 WL 843668, at *6 (S.D.N.Y. 2025) (denying plaintiffs' motion to strike defendants' exhibits and rejecting argument that court may strike any document that it "find[s] improper"); *Latino Quimica-Amtex S.A. v. Akzo Nobel Chemicals B.V.*, 2005 WL 2207017, at *10 n.6 (S.D.N.Y. Sept. 8, 2005) (denying motion to strike because it was

"directed to a brief rather than a pleading").

## II. Courts in This Circuit Routinely Grant Footnote Requests to Consider Documents Submitted with Motions to Dismiss

Plaintiff contends that the Court should strike Defendants' exhibits because Defendants requested the exhibits' consideration in a footnote.[2] Plaintiff is wrong. Courts in this Circuit routinely consider documents extraneous to the complaint even when the request is made in a footnote. *See, e.g.*, *New York ex rel. TZAC, Inc. v. New Israel Fund*, 520 F. Supp. 3d 362 n.4 (S.D.N.Y. 2021) (considering and granting in part "blanket request for judicial notice" made in a footnote in opening brief); *In re MINISO Grp. Holding Ltd. Sec. Litig.*, 2024 WL 759246, at *8–9 (S.D.N.Y. Feb. 23, 2024) (granting request in ECF No. 62 at 5 n.2), *reconsideration denied sub nom. In re Miniso Grp. Holding Ltd. Sec. Litig.*, 2025 WL 965688 (S.D.N.Y. Mar. 30, 2025).[3]

Further, Federal Rule of Civil Procedure 12(d) provides that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion" under Rule 12(b)(6) regardless of how the request for consideration was made. Indeed, a court *may* take judicial notice of documents extraneous to the complaint "on its own," Fed. R. Evid. 201(c)(1), but *must* take judicial notice "if a party requests it and the court is supplied with the necessary information," Fed. R. Evid. 201(c)(2); *see also Bazzelle*, 2025 WL 843668, at *6 (explaining that "[s]till, *as it always does*, the Court examines Defendants' exhibits to determine whether they are properly considered to resolve this motion to dismiss" (emphasis added)). Plaintiff does not contend that Defendants have failed to supply the Court with the necessary information here.

---

[2] To avoid further dispute, Defendants submit herewith a Request for Consideration of Documents Incorporated by Reference and Eligible for Judicial Notice.

[3] *See also In re Bristol-Myers Squibb Co. CVR Sec. Litig.*, 658 F. Supp. 3d 220, 227 (S.D.N.Y. 2023) (granting footnote request); *Gluck v. Hecla Mining Co.*, 657 F. Supp. 3d 471, 481 (S.D.N.Y. 2023) (same); *Saraf v. Ebix, Inc.*, 2023 WL 4561655, at *1 (S.D.N.Y. July 17, 2023) (same), *aff'd in part*, 2024 WL 1298246 (2d Cir. Mar. 27, 2024), and *aff'd in part*, 2024 WL 5103313 (2d Cir. Dec. 13, 2024); *In re DraftKings Inc. Sec. Litig.*, 650 F. Supp. 3d 120, 134 (S.D.N.Y. 2023) (same); *Long Miao v. Fanhua, Inc.*, 442 F. Supp. 3d 774, 781 (S.D.N.Y. 2020) (same).

Plaintiff's cited cases do not suggest otherwise. Mot. to Strike 5. *First*, Plaintiff's out-of-circuit cases addressing footnote requests for consideration of extraneous documents have little persuasive value and are readily distinguishable. For example, in *White v. Mylan, Inc.*, the court deferred its decision on the defendant's request for judicial notice, noting that it was unclear whether the documents complied with the requirements of Federal Rule of Evidence 201—that facts must "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." 2012 WL 6951323, at *2–*4 n.3 (W.D. Okla. Dec. 28, 2012). Similarly, in *DiGiacinto v. RB Health (US) LLC*, the court denied a request for judicial notice where the proposed exhibits were offered to demonstrate facts that were not supported by the actual exhibits—like claiming that an undated letter showed a product was approved in certain years. 2023 WL 7141263, at *2–3 (N.D. Cal. Oct. 30, 2023); *see also Philpot v. Alternet Media, Inc.*, 2018 WL 6267876, at *5 n.1 (N.D. Cal. Nov. 30, 2018) (declining to consider documents where it was unclear what court was supposed to take notice of in filings and decisions from 73 other lawsuits and other proposed material was "generally not subject to judicial notice").

*Second*, none of Plaintiff's in-circuit cases involve a court's consideration of extraneous documents in connection with a motion to dismiss, and the courts denied the requests in those cases for reasons unrelated to the fact that they were presented in footnotes. *See, e.g., Onosamba-Ohindo v. Searls*, 678 F. Supp. 3d 364, 374 (W.D.N.Y. 2023) (declining to consider footnote argument that the Court could "certify the class under either Rule 23(b)(1)(A) or Rule 23(b)(3)" where the party had "not satisfied his burden of demonstrating that certification would be appropriate under either"); *Primmer v. CBS Studios, Inc.*, 667 F. Supp. 2d 248, 256 n.4 (S.D.N.Y. 2009) (disregarding party's proposal that "the Court could readily conclude that [plaintiff] is

6

unable to meet the third prong of her *prima facie* burden" where defendant "has given the Court no reason to find in its favor").[4]

### III.    Exhibits 1–2, 5–6, 8, 36, and 45–46 Are Suitable for Judicial Notice

Plaintiff erroneously claims that the Court should strike eight exhibits (Exhibits 1–2, 5–6, 8, 36, 45–46) because they are "not referenced in, nor relied upon in the Complaint," nor "suitable for judicial notice."  Mot. to Strike 7–8.  Plaintiff contends Defendants use these exhibits to "construct[] their own factual narrative rebutting the Complaint's well-pled allegations."  *Id.* at 7. These exhibits plainly are subject to judicial notice.

*First*, that these exhibits were not explicitly referenced or relied on in the Complaint is not dispositive.  A court may take judicial notice of "related documents that bear on the adequacy of the disclosure as well as documents actually alleged to contain inadequate or misleading statements." *Kramer*, 937 F.2d at 774.  Plaintiff cannot "evade a properly argued motion to dismiss simply" by choosing "not to attach [an integral document] to the complaint or to incorporate it by reference." *I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co.*, 936 F.2d 759, 762 (2d Cir. 1991).  Regardless of the Court's "duty to draw all reasonable inferences in Plaintiff's favor, Plaintiff's decision not to present a document fundamental to the viability of its claims should not shield the Court from considering this document." *Optionality Consulting Pte. Ltd. v. Nekos*, 2019 WL 4523469, at *6 (S.D.N.Y. Sept. 18, 2019).  Having alleged that QuidelOrtho fraudulently omitted material facts and misled the market, Plaintiff cannot shield from the Court other publicly available information that contextualizes and contradicts the allegations in the Complaint.

---

[4] Plaintiff's other cases involved unique circumstances that do not apply here. *See, e.g.*, *F.T.C. v. Tax Club, Inc.*, 994 F. Supp. 2d 461, 471 n.1 (S.D.N.Y. 2014) (explaining that defendant explicitly did not raise an argument in its opening brief by stating that the Court "need not reach" the issue but then "changed course" in its reply brief); *Diesel v. Town of Lewisboro*, 232 F.3d 92, 110 (2d Cir. 2000) (holding that footnote argument was waived on *appeal* and would be unsuccessful even if reached).

7

*Second*, each of these exhibits contains facts appropriate for judicial notice because they are "not subject to reasonable dispute," "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), and have been presented as "relevant not to prove the truth of their contents but only to determine what the documents stated," *Kramer*, 937 F.2d at 774. As Plaintiff's own case explains, "[i]t is clear that what information was available to the investing public …—even if not specific to Defendants—and when that information was made available are relevant to the Court's consideration of [a] motion to dismiss." *In re UBS Auction Rate Sec. Litig.*, 2010 WL 2541166, at *15 (S.D.N.Y. June 10, 2010). Plaintiff does not argue that Defendants have inaccurately described any of these exhibits, *see, e.g.*, Mot. to Strike 10 n. 2 ("Plaintiff does not dispute that QDEL shares closed at $77.24 per share on February 28, 2020"), or that the documents may not be considered "to determine what statements the documents contain," *Lateral Recovery, LLC v. Cap. Merch. Servs., LLC*, 632 F. Supp. 3d 402, 436 (S.D.N.Y. 2022); *see also Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (regulatory filings may be judicially noticed at the motion-to-dismiss stage provided it is not for the truth of the matter asserted).

*Third*, the Court may consider documents extraneous to the Complaint, regardless of whether they are relied on in the Complaint or subject to judicial notice, when assessing scienter. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322–24 (2007) ("The strength of an inference cannot be decided in a vacuum … To determine whether the plaintiff has alleged facts that give rise to the requisite 'strong inference' of scienter, a court must consider plausible nonculpable explanations for the defendant's conduct[.]"); *Plumbers & Steamfitters Local 773 Pension Fund v. Canadian Imperial Bank of Commerce*, 694 F. Supp. 2d 287, 297 n.2 (S.D.N.Y.

8

2010) (considering over 20 exhibits "referenced in Defendants' motion to dismiss which were not referenced in the Complaint" to assess competing inferences of scienter).

Exhibits 1 and 8 are excerpts of QuidelOrtho's Annual Reports on Form 10-K filed with the U.S. Securities and Exchange Commission (the "SEC") for the fiscal years ending December 31, 2020 and 2021, respectively. It is well-established that because "public companies are subject to reporting requirements with the SEC and those documents are publicly available," *GMH Cap. Partners v. Fitts*, 2025 WL 950674, at 10 n.4 (S.D.N.Y. March 28, 2025), courts may consider legally required SEC filings to determine what the documents stated, *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 179 (2d Cir. 2014); *see also Kramer*, 937 F.2d at 774 (explaining "it is highly impractical and inconsistent with Fed. R. Evid. 201 to preclude a district court from considering [documents publicly filed with the SEC] when faced with a motion to dismiss a securities action based on allegations of material misrepresentations or omissions" because "no serious question as to their authenticity can exist"). This is particularly true for securities cases, where "[i]n assessing whether an omission renders a statement inaccurate, incomplete, or misleading, courts must look at the context and manner of presentation." *Buhrke Family Revocable Tr. v. U.S. Bancorp*, 726 F. Supp. 3d 315, 335 (S.D.N.Y. 2024); *see also Tongue v. Sanofi*, 816 F.3d 199, 209 (2d Cir. 2016) ("The Court may also 'consider any … legally required public disclosure documents filed with the SEC'").

Plaintiff does not seriously contest that the Court may consider QuidelOrtho's SEC filings, arguing only that these documents should be stricken because they were filed before the class period. But Plaintiff cites no cases supporting such a limitation, nor could it. *See Effie Film, LLC v. Pomerance*, 909 F. Supp. 2d 273, 298 (S.D.N.Y. 2012) ("'[Federal] Rule [of Evidence] 201(b)

9

imposes no artificial limits on the range of facts which may be noticed. The broad scope of possible notice varies with the facts and issues in each case and the evolving state of knowledge.'").

The Court may take judicial notice of Exhibits 2 and 36 because they are "press coverage establishing what information existed in the public domain during periods relevant to the plaintiffs' claims." *In re Bank of Am. AIG Disclosure Sec. Litig.*, 980 F. Supp. 2d 564, 570 (S.D.N.Y. 2013), *aff'd*, 566 F. App'x 93 (2d Cir. 2014); *see also Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 60 n.2 (2d Cir. 2020) (taking judicial notice of scientific publications "for the publication of such information and relevant discussion in the scientific community"). Exhibit 2 is a July 13, 2021 article published by PharmaTimes, which shows that QuidelOrtho informed the market that launching Savanna and the RVP4 assay in Europe "was intended to help the Company understand how to improve Savanna and prepare for a larger U.S. launch." Mot. 4. Similarly, Exhibit 36 is a November 1, 2023 QuidelOrtho earnings release, published by Bloomberg, discussing QuidelOrtho's announcement of its financial results for the third quarter of 2023 and demonstrating that QuidelOrtho reaffirmed its full-year COVID-19 revenue guidance. News articles, like Exhibits 2 and 36, may be considered "for the fact of their publication." *See, e.g.*, *Lapin v. Goldman Sachs Grp., Inc.*, 506 F. Supp. 2d 221, 228 n.1 (S.D.N.Y. 2006).

Exhibits 5 and 6 are the transcript and accompanying presentation for Quidel's January 12, 2022 presentation at the Bloomberg J.P. Morgan 40th Annual Healthcare Conference. As Plaintiff acknowledges, Defendants relied on Exhibit 5 in their Motion to show that "QuidelOrtho *repeatedly* disclosed that it faced constraints on its manufacturing capabilities." Mot. to Strike 8 (emphasis in original). It is irrelevant whether constraints on QuidelOrtho's manufacturing capabilities actually existed. What matters is that information about constraints, disclosed and

10

published in the transcript of a widely attended healthcare conference, was known to the market—

and that is all Defendants cited the transcript and presentation for in their Motion. *See* Mot. 22.

Exhibit 45 is a transcript of QuidelOrtho's July 31, 2024 earnings call for the second quarter

of 2024. This transcript is quoted in the Complaint, and the Court therefore may consider it

because it is incorporated by reference. ¶ 312; *see also Denny v. Canaan Inc.*, 2023 WL 2647855,

at *11 (S.D.N.Y. Mar. 27, 2023) (considering transcript of earnings call that was relied on and quoted

by plaintiffs in complaint); *Labul v. XPO Logistics*, 2021 WL 1056828, at *12 n.3 (D. Conn. Mar. 19,

2021) (explaining that "[b]ecause the complaint references the earnings call, [the Court] may consider

the transcript of that call here"), *aff'd sub nom. Loc. #817 IBT Pension Fund v. XPO Logistics, Inc.*,

2022 WL 2358414 (2d Cir. June 30, 2022). The Court also may take judicial notice of Exhibit 45 to

consider the context in which the statements Plaintiff quoted were made. *See, e.g.*, *In re Kandi

Techs. Grp., Inc. Sec. Litig.*, 2019 WL 4918649, at *1 n.1 (S.D.N.Y. Oct. 4, 2019) (explaining that

the court may consider "publicly-available information, such as press releases and earnings call

transcripts").

Finally, Exhibit 46 is a chart of the Company's share prices over time. Mot. 4. The Court

may take judicial notice of "well-publicized stock prices" regardless of whether the data is

"attached to the Complaint as an exhibit or incorporated by reference." *Ganino v. Citizens Utils.

Co.*, 228 F.3d 154, 166 n.8 (2d Cir. 2000) (collecting cases); *see also Acticon AG v. China N. E.

Petroleum Holdings, Ltd.*, 692 F.3d 34, 37 n.1 (2d Cir. 2012).

## IV.    Exhibits 3–4, 7, 9–29, 31–32, 34, 35, 38–42, and 44 Can Be Considered

Plaintiff next argues that this Court cannot consider Exhibits 3–4, 7, 9–29, 31–32, 34, 35,

38–42, and 44 for their truth because the exhibits reveal flaws in Plaintiff's allegations. Mot. to

Strike 12. This argument should be dismissed out of hand. Plaintiff concedes that each of these

exhibits are incorporated by reference in the Complaint and does not dispute their authenticity or

11

accuracy. *Id.* ("The remaining Exhibits submitted by Defendants are incorporated by reference as they are cited, at least once, in the Complaint."). And Plaintiff's sole in-circuit case in support of its self-serving argument that documents incorporated by reference in the Complaint may be disregarded where they expose deficiencies in Plaintiff's allegations is inapposite. *Id.*; *see In re Int. Rate Swaps Antitrust Litig.*, 261 F. Supp. 3d 430, 480–81 (S.D.N.Y. 2017) (declining to consider judicially noticed documents for anything other than the fact that a document contained certain information in antitrust claim). Indeed, this Court has found that a plaintiff "may not avoid the Court's consideration" of extraneous documents "simply because they contain material adverse to their claims." *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 200–01 (S.D.N.Y. 2008).

Plaintiff is wrong that documents incorporated by reference in the Complaint cannot be considered for their truth. Mot. to Strike 13–15. As the Second Circuit has explained, "district courts may 'permissibly consider documents other than the complaint' for the truth of their contents if they 'are attached to the complaint or incorporated in it by reference[.]'" *Bristol-Myers Squibb*, 28 F.4th at 352 n.3; *see also Carovillano v. Sirius XM Radio Inc.*, 715 F. Supp. 3d 562, 567 (S.D.N.Y. 2024) (drawing facts from the complaint and documents "incorporated by reference in the Complaint or … integral to it" in considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and explaining that "given the centrality of the documents to the Complaint's allegations," they were "properly before the Court"). This is particularly true in securities cases. Where a plaintiff claims a defendant "fail[ed] to disclose certain facts, it is appropriate for the court, in considering a Rule 12(b)(6) motion, to examine the [relevant] document[s] to see whether or not those facts were disclosed." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *In re Yatsen Holding Ltd. Sec. Litig.*, 2024 WL 3498049, at \*5 n.6 (S.D.N.Y. July 22, 2024) (explaining that plaintiffs' argument that exhibits could not be accepted for their truth "miss[ed] the mark" because

12

the documents were subject to judicial notice and "illustrate[d] how Plaintiffs have failed to establish the statements at issue were misleading").

More importantly, this Court need not (though it may) consider information incorporated in the Complaint and relied on by Defendants in their Motion for its truth. The "facts" Defendants rely on in their Motion merely reveal information available to the market at the time of the challenged statements. For example, Plaintiff protests that Exhibits 19 and 23 support Defendants' "counter narrative" and that "[t]he Court should not consider these documents for the purpose of concluding that investors understood that QO management lacked clarity[.]" Mot. to Strike 15. But courts properly may consider what information was present in the market. *In re UBS Auction Rate Sec. Litig.*, 2010 WL 2541166, at *15. Defendants relied on Exhibit 19, QuidelOrtho's earnings call transcript for Q3 2022, and Exhibit 23, a William Blair analyst report describing the Company's investor day and subsequent roadshow meetings, to demonstrate that the market had been informed that unpredictable and changing circumstances impacted "the timing of Savanna regulatory approval in the U.S.," Ex. 23 at 1. *See Ohio Pub. Emps. Ret. Sys. v. Discovery, Inc.*, 715 F. Supp. 3d 483, 501–02 (S.D.N.Y. 2024), *aff'd*, 2024 WL 4647131 (2d Cir. Nov. 1, 2024) (plaintiffs failed to state a claim where they "cite to [company's] second quarter earnings call, but the transcript of that call does not support Plaintiffs' assertion"); *Denny*, 2023 WL 2647855, at *11 n.13 (S.D.N.Y. Mar. 27, 2023) (considering full transcript of earnings call that contradicted plaintiffs' version of the facts); *Bristol-Myers Squibb*, 28 F.4th at 352 (taking judicial notice of analyst reports because "the Complaint refers to analyst reports … to argue that Bristol-Myers misled the market by describing a 5% threshold as capturing a population of strong expressors" and finding "[t]he fact that other reports, relying on the same public information, correctly predicted Bristol-Myers's use of a 5% threshold is relevant to that argument and properly

13

considered on this motion to dismiss"). "It is well established that 'where the plaintiffs['] allegations are contradicted by a document that the complaint incorporates by reference, the document controls.'" *Optionality Consulting Pte. Ltd. v. Nekos*, 2019 WL 4523469, at *6 (S.D.N.Y. Sept. 18, 2019).

## V. Courts Regularly Consider Charts of Alleged Misstatements Similar to Appendix A

Courts throughout this Circuit regularly rely on charts like Appendix A as an organizational tool to track the various challenged statements and elements at issue in securities cases. Providing an organizational chart like Appendix A is a well-established practice in this Circuit that serves the court and the parties. *See, e.g.*, *Hawes v. Argo Blockchain plc*, 2024 WL 4451967, at *1 (S.D.N.Y. Oct. 9, 2024) (commending defendants "for doing what the court would otherwise have had to do" by providing chart as appendix to motion and finding "it is an ideal way to set up a motion to dismiss in a securities fraud case"); *In re Garrett Motion Inc. Sec. Litig.*, 2023 WL 2744029, at *3 n.5 (S.D.N.Y. Mar. 31, 2023), *aff'd sub nom. Gabelli Asset Fund v. Garrett Motion Inc.*, 2024 WL 1653451 (2d Cir. Apr. 17, 2024) (analyzing alleged misstatements "based on the numbering in Appendix 1 … to Defendants' Brief in Support of their Motion to Dismiss, attached hereto, with non-substantive modifications, as Appendix A").

The fact that Plaintiff asks this Court to disregard Defendants' Appendix A is perplexing, given that Plaintiff seeks to have the Court consider a statement chart that is far more argumentative and purports to characterize Defendants' arguments and respond to each with a suggested legal conclusion. ECF No. 50-1. Plaintiff objects that Appendix A expands on Plaintiff's carefully curated quotations to provide the full context of the alleged misstatements. Mot. to Strike 17. This is not a basis for striking Appendix A. The law is clear that information "that is integral to the complaint and partially quoted therein may be incorporated by reference in full." *Bristol-Myers Squibb*, 28 F.4th at 352 (citing *San Leandro Emergency Med. Grp. Profit*

14

*Sharing Plan v. Philip Morris Cos., Inc.*, 75 F.3d 801, 808–09 (2d Cir. 1996)).  As the Second

Circuit aptly explained:

> [A] plaintiff whose complaint alleges that such documents are legally deficient can hardly show prejudice resulting from a court's studying of the documents.  Were courts to refrain from considering such documents, complaints that quoted only selected and misleading portions of such documents could not be dismissed under Rule 12(b)(6) even though they would be doomed to failure.  Foreclosing resort to such documents might lead to complaints filed solely to extract nuisance settlements.

*Kramer*, 937 F.2d at 774.  Indeed, Courts routinely deny motions to strike charts like Defendants'

Appendix A.  *See, e.g.*, *Fogel v. Wal-Mart de Mexico SAB de CV*, 2017 WL 751155, at *18

(S.D.N.Y. Feb. 27, 2017), *aff'd sub nom. Fogel v. Vega*, 759 F. App'x 18 (2d Cir. 2018), *and aff'd*

*sub nom. Fogel v. Vega*, 759 F. App'x 18 (2d Cir. 2018) (denying motion to strike because

appendices were mere "organizational tools," not "an attempt to skirt the Court's orders"); *see also*

*U.S. ex rel. K&R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 52–53 (D.D.C. 2006)

(denying motion to strike chart that does the "organizational work that the Court would otherwise

have to take upon itself" and "does not appear to have been an attempt … to evade any of this

Court's rules."), *aff'd*, 530 F.3d 980 (D.C. Cir. 2008).

## VI.    Exhibits 30, 33, 37, and 43 Are Appropriate for Consideration and Should Not Be Stricken

Plaintiff contends that Exhibits 30, 33, 37, and 43 should be stricken because they are

inaccurate transcripts of investor calls and conferences.  Exhibits 30, 33, 37, and 43 are "final"

transcripts obtained from Bloomberg Law.  In support of its Motion to Strike, Plaintiff attached

versions of the transcripts from the same calls and investor presentations as the purportedly "true

and correct" copies relied on in drafting the Complaint obtained from "AlphaSense."  *See* ECF

Nos. 53-1–4; Mot. to Strike 11.  But Plaintiff's exhibits are unofficial and unreliable artificial

intelligence-generated transcripts, which hardly can call into question the authenticity of

15

Defendants' exhibits obtained from a verifiable source routinely considered by courts in deciding motions to dismiss.[5]  *See, e.g.*, *In re Amarin Corp. PLC Sec. Litig.*, 2021 WL 1171669, at *11 (D.N.J. March 29, 2021) (taking judicial notice of Bloomberg transcript for "consider[ation] by the Court on the motion to dismiss").

Where, as here, the complaint "alleges the content of the call transcript—the defendants' statements during the call," the court may find the transcripts incorporated by reference in the Complaint.  *In re CV Sciences, Inc. Sec. Litig.*, 2019 WL 6718086, at *2 n.23 (D. Nev. Dec. 10, 2019).  At a minimum, this Court may consider Exhibits 30, 33, 37, and 43 for the purpose of showing what information was available to the market.  *See Howard v. Arconic Inc.*, 395 F. Supp. 3d 516, 529 n.1 (W.D. Pa. 2019) (considering transcript "only for the undisputed fact that the call took place, was recorded, and that the matters reported were actually stated during the call" where plaintiff disputed the accuracy of the transcript).  Should the Court decline to consider Exhibits 30, 33, 37, and 43, Defendants respectfully submit that the Court should also refuse to consider Plaintiff's Exhibits A through D as questions of authenticity exist.

## CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's Motion to Strike.

---

[5]  *See* AlphaSense, Real-Time Live Event Transcripts, *available at* https://help.alpha-sense.com/hc/en-us/articles/41922204334099-Real-Time-Live-Event-Transcripts.  Plaintiff's Declaration explains the transcripts are produced using audio recordings of the event.  Declaration of Lauren A. Ormsbee in Support of Lead Plaintiff's (A) Opposition to Defendants' Motion to Dismiss the Amended Complaint and (B) Motion to Strike the Declaration of Colin B. Davis, Exhibits Attached Thereto, and Defendants' Appendix A Pursuant to Rules 12(D) and 12(F) (ECF No. 53) at 1–3; *see also* AlphaSense, Event Transcripts Content, *available at* https://help.alpha-sense.com/en/articles/4891589-event-transcripts-content ("Event transcripts are simply written versions of a live event.  They provide a text-based record of the event.").

Dated: July 9, 2025
    New York, New York

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


By: */s/ Colin B. Davis*
    Colin B. Davis

3161 Michelson Drive
Suite 1200
Irvine, CA 92612
Tel: (949) 451-3800
cdavis@gibsondunn.com
(*admitted pro hac vice*)

Brian M. Lutz
One Embarcadero Center
Suite 2600
San Francisco, CA 94111
Tel: (415) 393-8200
blutz@gibsondunn.com

Dana E. Sherman
200 Park Avenue
New York, NY 10166
Tel: (212) 351-4000
dsherman@gibsondunn.com

*Attorneys for Defendants*

17

## CERTIFICATE OF COMPLIANCE

I, Colin B. Davis, hereby certify that this memorandum of law complies with the length restrictions in Local Civil Rule 7.1(c), as modified by § 5(A) of this Court's Individual Practices in Civil Cases. I further certify that this memorandum of law contains 5,433 words, including any footnotes or endnotes and excluding only those sections of the brief that are exempted under Local Rule 7.1(c). In preparing this certificate of compliance, I have relied on the word count of the word-processing system used to prepare this memorandum of law.

*/s/ Colin B. Davis*

Colin B. Davis

18