# GIBSON DUNN

Colin B. Davis
Partner
T: +1 949.451.3993
M: +1 949.431.3916
cdavis@gibsondunn.com

July 11, 2025

The Honorable Jeannette A. Vargas
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 703
New York, New York 10007

Re:     *In re QuidelOrtho Corp. Securities Litigation*, No. 24-cv-02804 (S.D.N.Y.)

Dear Judge Vargas:

Defendants in the above-referenced matter respectfully submit this letter in response to Lead Plaintiff's July 8, 2025 notice of "supplemental authority" concerning Defendants' pending motion to dismiss.  *See* ECF No. 56 (the "Letter").

Lead Plaintiff's Letter—tactically filed one day before Defendants' deadline to file their reply brief in further support of the motion to dismiss—is an improper end-run around this Court's prohibition on sur-replies.  *See* Individual Rules and Practices in Civil Case of the Honorable Jeanette A. Vargas Rule 5.A. ("Surreply memoranda are not allowed[.]").  Lead Plaintiff's notice of supplemental authority effectively is a sur-reply, "as [it] include[s] brief yet substantive commentary that raise legal arguments as to the impact of the noticed cases on this action."  *Marcelletti v. Geico Gen. Ins. Co.*, 2025 WL 1811668, at *14 (W.D.N.Y. July 1, 2025); *see also Steuben Foods, Inc. v. Oyster USA, Inc.*, 520 F. Supp. 3d 310, 318 (W.D.N.Y. 2021) (noting "arguments as to the impact of [the] supplemental authorities on the instant action[]" constitute substantive commentary).  The Court therefore should disregard the Letter in its entirety.

In any event, the non-controlling decisions cited in the Letter are distinguishable because each includes specific and particularized allegations demonstrating (i) why the challenged statements were false or misleading and (ii) the detailed information the defendants allegedly knew that contradicted their public statements.  Accordingly, the supplemental authorities have no persuasive value.

In *Levon v. CorMedix Inc.*, 2025 WL 1810207 (D.N.J. June 30, 2025), the plaintiff alleged that defendants had conducted an internal audit that concluded that the company's manufacturer "would not pass an FDA inspection due to systemic manufacturing deficiencies," and that the FDA had issued a complete response letter "identifying multiple deficiencies" with the company's manufacturer "which prevented approval of the [new drug application]."  *Id*. at *1.  Given these specific allegations, the

# GIBSON DUNN

court found defendants had a duty to disclose (i) "the FDA's concerns about records submitted during the [new drug application]" when defendants made public statements "about the FDA's records review," *id*. at *5, and (ii) an internal audit that found defendants' "CMO should not be used because it *would not* be able to pass an FDA inspection," contrary to defendants' simultaneous public statement that its "CMO *may not* be able to comply with the applicable FDA regulatory requirements," *id*. at *4 (emphasis added).

The *CorMedix* court also found a strong inference of scienter because the plaintiff specifically alleged that defendants "made repeated public representations about their *direct involvement* in the DefenCath regulatory process." *Id*. at *7 (emphasis added). Lead Plaintiff emphasizes the finding that "misrepresentations concerning a flagship product are especially probative of scienter," Letter at 2, but ignores that DefenCath was the company's *"only product"* during the class period, *id*. at *7 (emphasis added). The court also found defendants' access to contradictory information sufficient to infer scienter because the complaint specifically alleged that defendants "had access to a 2018 internal audit that warned CorMedix's contract manufacturer … was likely to fail FDA inspection." *Id*. at *8.

In *Courter v. CytoDyn, Inc.*, 2025 WL 1771244 (W.D. Wash. June 25, 2025), the court found statements that a biologic license application submission was "complete" false and misleading based on allegations that "CytoDyn lacked data, information, and analyses *that the FDA had already told it would be critical components of a complete [biologic license application] submission*." *Id*. at *5 (emphasis added). And although the court rejected a fraud-by-hindsight argument, Letter at 2, the court based its finding on allegations that the "[biologic license application] submission *was never complete*," *id*. at *6 (emphasis added). Similarly, the court found defendants' cautionary warning that the company "*might not* be able to provide acceptable evidence of efficacy" insufficient where the plaintiff alleged "the FDA *had already rejected* its May 2020 [biologic license application] submission, and CytoDen had no other 'acceptable' evidence to submit." *Id*. at 10 (emphasis added); Letter at 2.

Finally, in *Helo v. Sema4 Holdings, Corp.*, 2025 WL 1733387 (D. Conn. June 23, 2025), the plaintiff alleged the company's health intelligence platform "never existed," which the court found rendered false any statement premised on the fact the platform existed. *Id*. at *7. As to scienter, the court found former employee allegations that specifically alleged that the company's "C-Suite" participated in "weekly product calls" and "weekly standing call[s]" with the former employee and Mt. Sinai, which had agreed to provide patient records for use with the allegedly non-existent health intelligence platform, supported the inference that the individual defendants "had access to adverse information about [the platform]." *Id*. at *9.

**GIBSON DUNN**

July 11, 2025
Page 3

This Court should grant Defendants' motion to dismiss for the reasons set forth in Defendants' motion papers.

Respectfully submitted,

Colin B. Davis
Partner

cc: All Counsel of Record (*via ECF*)