**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE QUIDELORTHO CORPORATION
SECURITIES LITIGATION

No. 24-cv-02804-JAV

<u>ORAL ARGUMENT REQUESTED</u>

<u>**LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR
CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE AND
ELIGIBLE FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS**</u>

## I.    ARGUMENT

In Defendants' Motion to Dismiss the Amended Class Action Complaint (ECF No. 48, "MTD"), Defendants asked this Court to judicially notice or find incorporated by reference 46 documents through a two-sentence footnote.[1] MTD at n.1. Plaintiff moved to strike and/or limit the use of those documents, arguing that (a) Defendants' footnote request itself was inadequate and should not be considered; (b) that certain exhibits and Defendants' Appendix A should be stricken or excluded; and (c) that the remaining exhibits should not be considered for the truth of the matters asserted therein.[2] Defendants now effectively concede that their footnote request was insufficient by filing an untimely Request for Consideration of Documents Incorporated by Reference and Eligible for Judicial Notice in Support of Defendants' Motion to Dismiss (ECF No. 61, "Request for Consideration") in connection with their Reply Memorandum of Law in Further Support of Defendants' MTD (ECF No. 59, "Reply"). However, Defendants' Request for Consideration is too little, too late.

Courts regularly refrain from considering new arguments and evidence, including requests for judicial notice and incorporation by reference, that should have been raised in the party's initial moving papers. *See, e.g.*, *MusclePharm Corp. v. Liberty Ins. Underwriters, Inc.*, 712 F. App'x 745, 758 (10th Cir. 2017) ("Courts are 'reluctant to consider evidence raised only in a reply brief'"); *see also David Rovinsky LLC v. Peter Marco, LLC*, 2020 WL 5645792, at *2 (C.D.

---

[1] Unless otherwise defined, capitalized terms have the meaning ascribed in Lead Plaintiff's Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 42) or Lead Plaintiff's Opposition to Defendants' MTD (ECF No. 50, "MTD Opposition") and the Glossary contained therein (the "Glossary"). References to the Complaint herein appear as "¶___".

[2] *See* Lead Plaintiff's Motion to Strike the Declaration of Colin B. Davis, Exhibits Attached Thereto, and Defendants' Appendix A Pursuant to Rules 12(d) and 12(f) (ECF No. 52, "Plaintiff's MTS"). *See also* MTD Opposition, at 5, 7 n.2.

Cal. Sept. 21, 2020) ("[The parties] present new arguments in requests for judicial notice and supplemental declarations….The Court did not permit supplemental briefing, so it does not consider these arguments in evaluating the pending motions."); *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1284 (C.D. Cal. 2016) ("[Defendant's] request for the Court to take judicial notice … presented for the first time in its reply brief, is inappropriate, and accordingly the Court won't address the merits of the issue. That's particularly true because, again, it's not clear why [Defendant] couldn't have included this request in its initial motion."); *Weston v. Perez*, 2017 WL 4541732, at \*6 (S.D. Cal. Oct. 11, 2017) ("Defendants' requests for judicial notice are denied. It would be inappropriate to allow Defendants to introduce this evidence now … when there is no apparent reason why it could not have been introduced along with the moving papers."); *In re Hansen Nat. Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1150 (C.D. Cal. 2007), *judgment entered*, 2007 WL 3274427 (C.D. Cal. Oct. 16, 2007) (denying defendants' "Supplemental Request for Judicial Notice" because "the Court will not consider new evidence presented for the first time in Reply.").[3] For that reason alone, the Court should not entertain Defendants' Request for Consideration.

If the Court is nevertheless inclined to supplement Defendants' initial footnote request with Defendants' Request for Consideration, Plaintiff respectfully requests that the Court consider the arguments made in opposition to that initial footnote request in Plaintiff's MTS,

---

[3] In addition to the 46 Exhibits attached to the Davis Decl. (ECF No. 49), Defendants filed a second Davis Declaration in connection with their Request for Consideration and Reply that attaches Exhibit 47. ECF Nos. 60 and 60-1. This exhibit should not be considered because it constitutes new argument and evidence that was not raised in Defendants' Motion. *See, e.g.*, *Puma*, 213 F. Supp. 3d at 1284; *see also Hansen*, 527 F. Supp. 2d at 1150. Even if the Court is inclined to consider Exhibit 47, it should not consider the document for the truth of the matter asserted. *See, e.g.*, Plaintiff's MTS at 7 (citing *Roth v. Jennings*, 489 F.3d 499, 509-11 (2d Cir. 2007)).

which are incorporated herein, responded to through discussion of the same arguments and citation to nearly all of the same cases in Defendants' Memorandum of Law in Opposition to Plaintiff's MTS (ECF No. 62), and will be further addressed in Plaintiff's forthcoming reply brief in further support of Plaintiff's MTS, due to be filed on July 30, 2025 (*see* ECF No. 55).

## II.    CONCLUSION

For the reasons explained herein and in Plaintiff's MTS and forthcoming reply brief in further support of Plaintiff's MTS, Plaintiff respectfully requests that the Court reject Defendants' Request for Consideration, in its entirety, and disregard the statements or arguments made in Defendants' MTD and Reply in reliance on the Exhibits.

DATED: July 22, 2025                    Respectfully submitted,

*/s/ Lauren A. Ormsbee*
**LABATON KELLER SUCHAROW LLP**
Lauren A. Ormsbee
Lisa M. Strejlau
Charles J. Stiene
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
lormsbee@labaton.com
lstrejlau@labaton.com
cstiene@labaton.com

*Counsel for Lead Plaintiff and Lead
Counsel for the Proposed Class*

**CERTIFICATE OF COMPLIANCE**

I, Lauren A. Ormsbee, hereby certify that this memorandum of law complies with the length restrictions in Local Civil Rule 7.1(c).

I further certify that this memorandum of law contains 781 words, including any footnotes or endnotes and excluding only those sections of the brief that are exempted under Local Rule 7.1(c) and Your Honor's Individual Practices. In preparing this certificate of compliance, I have relied on the word count of the word-processing system used to prepare this memorandum of law.


/s/ Lauren A. Ormsbee
Lauren A. Ormsbee

4