UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE QUIDELORTHO CORPORATION SECURITIES LITIGATION | No. 1:24-cv-02804-JAV<br><br>**<u>ORAL ARGUMENT REQUESTED</u>** |

### <u>DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO STRIKE PLAINTIFF'S APPENDIX A AND GLOSSARY</u>

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Defendants*

**INTRODUCTION**

Plaintiff's Opposition to Defendants' Motion to Strike (ECF No. 64, "Opposition to the Motion to Strike") confirms Plaintiff's Appendix and Glossary are improper.[1]  Plaintiff spends the majority of its Opposition to the Motion to Strike attempting to explain why *Defendants'* Appendix A is improper, rather than providing any real response to Defendants' arguments that *Plaintiff's* Appendix and Glossary should be stricken.  It is Plaintiff, not Defendants, who "doth protest[s] too much."  Opp. to Mot. to Strike 2 n.2.  That Plaintiff required a 57-page Appendix and five-page Glossary to make sense of its own Complaint is telling.  The Court should strike Plaintiff's improper Appendix and Glossary.

**ARGUMENT**

**I.      Plaintiff's Opposition to the Motion to Strike Confirms the Appendix and Glossary Add Argument Beyond the Agreed-Upon Page Limit**

Plaintiff characterizes the Appendix and Glossary as "reference tools" to aid the Court, Opp. to Mot. to Strike 3, but even a cursory review of those documents reveals that Plaintiff is using them to advance arguments in opposition to Defendants' Motion to Dismiss the Amended Class Action Complaint (ECF No. 48, the "Motion to Dismiss"), not to help the Court.

Plaintiff asserts that its Appendix is proper because it "contained *only* the language from the Complaint and a full citation to each Misstatement's location in the Complaint—and added [to Defendants' Appendix A][2] two reference columns that identified [the basis and location of related arguments in the parties' briefing] without any argument."  Opp. to Mot. to Strike 1.  Tellingly,

---

[1] Defined terms have the meanings given in Defendants' Memorandum of Law in Support of Defendants' Motion to Strike (ECF No. 58, "Defendants' Motion to Strike" or "Defs.' Mot. to Strike"), unless noted otherwise.  All emphasis in citations is added unless noted otherwise, and all internal citations and quotation marks are omitted.

[2] For the reasons set forth in Defendants' Opposition to Plaintiff's Motion to Strike (ECF No. 62), Defendants' Appendix A is a proper reference guide to aid the Court in its review of the Motion to Dismiss.

Plaintiff fails to mention key differences between the parties' appendices, namely the arguments it attempts to sneak in through headings and footnotes, which clearly seek to advance Plaintiff's arguments in opposition to the Motion to Dismiss.  For example, the Appendix contains citations to the Complaint as "Direct Support for Falsity," in an improper attempt to connect each challenged statement to the reasons why that statement purportedly is false or misleading.  *See* Defs.' Mot. to Strike 2.  This is in stark contrast to the Complaint, which merely offers a list of alleged misstatements followed by a general explanation as to why the enumerated statements are false or misleading.  Mot. to Dismiss 1–2, 21; Reply Mem. of Law in Further Support of Defs.' Mot. to Dismiss the Am. Class Action Compl. (ECF No. 59, the "Reply") 1, 5–6.  And rather than merely "identifying" Defendants' arguments in the Motion to Dismiss, the columns in Plaintiff's Appendix labeled "Defendants' Challenges" and "Plaintiff's Rebuttal" circumvent the agreed-upon page limit for Plaintiff's Opposition to Defendants' Motion to Dismiss by responding directly to Defendants' arguments as to each of the 104 challenged statements—which Plaintiff failed to do within the body of its Opposition to the Motion to Dismiss.  *See* Reply 1.

Plaintiff further includes a series of footnotes and asterisks in the Appendix to editorialize "Defendants' Challenges."  *See, e.g.*, App. 1.  For example, Plaintiff criticizes (in a footnote to the Appendix, ironically) Defendants' use of footnotes in the Motion to Dismiss to identify to which of the 104 challenged statements any given argument applies.  *See id*. at 1 nn.1–2 (assigning a "*" to identify which arguments Defendants raised for each specific alleged misstatement "by reference to the paragraph number only, without any discussion of the text"); *see id*. at 7 n.3, 35 n.8.  Plaintiff had 35 pages to present these arguments in its Opposition to the Motion to Dismiss, but did not.

As with the Appendix, Plaintiff attempts to convince the Court that its Glossary is merely

2

an aid to assist the Court with its review of the Complaint. Opp. to Mot. to Strike 8. But Plaintiff acknowledges that the FE definitions in the Glossary combine numerous purported "facts" alleged throughout the 187-page Complaint. *See, e.g.*, *id*. at 8 n.7. Plaintiff does not meaningfully dispute its failure to connect the FE allegations with the relevant alleged misstatements in the Complaint.[3] *See generally id*. at 9. Indeed, the sheer number of paragraphs cited in the FE definitions of the Glossary shows that the Complaint fails to connect each FE's allegations with any challenged statement. *Id*. Plaintiff's need to provide a Glossary to "aid" the Court confirms the Complaint's lack of particularized allegations.

Contrary to Plaintiff's assertion, Plaintiff's Appendix and Glossary are not merely a "bibliography," *id*. at 6, or a "reference tool," *id*. at 9. The Appendix and Glossary include unsanctioned advocacy beyond the agreed-upon page limit for Plaintiff's Opposition to the Motion to Dismiss, and the Court should strike the Appendix and FE definitions in the Glossary and refuse to consider any arguments based on them.

## II. Plaintiff's Opposition to the Motion to Strike Confirms the Appendix and Glossary Improperly Seek to Amend the Complaint

Plaintiff's insistence that the Appendix and Glossary correctly quote the Complaint does nothing to address Defendants' argument that the Appendix and Glossary purport to connect the alleged misrepresentations to the reasons why those statements are false or misleading in a way

---

[3] Plaintiff's patchwork of out-of-Circuit authority does not compel a different outcome. For example, the court in *In re Arqit Quantum Inc. Sec. Litig.* declined to strike the appendix at issue because it "d[id] not contain new or additional arguments." 774 F. Supp. 3d 505, 523 n.17 (E.D.N.Y. 2025). As discussed *supra*, the Appendix and Glossary do contain new and additional arguments. *Davis v. Comm'r of Soc. Sec. Admin.* is similarly inapplicable. 2022 WL 2529057 (D. Ariz. July 7, 2022). *Davis* involved a fee dispute in which the defendant argued that the plaintiff "billed excessive time to prepare a 10-page Glossary." *Id*. at *3. The court explained that "[i]nclusion of a [medical] glossary can be helpful in Social Security cases," which include complicated and unfamiliar terms. *Id*. Here, Plaintiff does not seek to define complicated or unfamiliar terms—it seeks to rewrite the Complaint and advance arguments in response to the Motion to Dismiss.

3

not done in the Complaint itself.  Indeed, Plaintiff concedes the Glossary connects allegations throughout the Complaint to create summaries that do not otherwise appear in the Complaint.  *Id*. at 8 (Glossary takes FE descriptions and "further add[s] citation to each Complaint paragraph with allegations attributable to each witness").  But Plaintiff ignores the fact that connecting allegations to the challenged statements in a way not done in the Complaint is itself an improper amendment of the Complaint.  *See* 15 U.S.C. § 78u-4(b)(1)(B) (connection between allegedly false or misleading statements and the facts purportedly supporting fraud, *i.e.*, the basis for liability, must be alleged *in the complaint*); Defs.' Mot. to Strike 4.  Further, that Plaintiff needed to create a Glossary and Appendix to aid the Court in its review of *Plaintiff's own* Complaint only highlights that Plaintiff failed to present its allegations in a clear and particularized manner initially.  *See Tarapara v. K12 Inc.*, 2017 WL 3727112, at *27 (N.D. Cal. Aug. 30, 2017) (noting that submission of competing appendices "in itself is a sure indication that the complaint is overly long and convoluted").

## CONCLUSION

For these reasons as well as the reasons stated in Defendants' Memorandum of Law in support of their Motion to Strike, the Court should strike the Appendix and the twenty-one FE entries from the Glossary.

Dated: July 29, 2025                              Respectfully submitted,

New York, New York                              GIBSON, DUNN & CRUTCHER LLP


                                                 By: */s/ Colin B. Davis*
                                                     Colin B. Davis

                                                 3161 Michelson Drive
                                                 Suite 1200
                                                 Irvine, CA 92612
                                                 Tel: (949) 451-3800
                                                 cdavis@gibsondunn.com
                                                 (*admitted pro hac vice*)

                                                 Brian M. Lutz
                                                 One Embarcadero Center
                                                 Suite 2600
                                                 San Francisco, CA 94111
                                                 Tel: (415) 393-8200
                                                 blutz@gibsondunn.com

                                                 Dana E. Sherman
                                                 200 Park Avenue
                                                 New York, NY 10166
                                                 Tel: (212) 351-4000
                                                 dsherman@gibsondunn.com

                                                 *Attorneys for Defendants*

**CERTIFICATE OF COMPLIANCE**

I, Colin B. Davis, hereby certify that this memorandum of law complies with the length restrictions in Local Civil Rule 7.1(c).

I further certify that this memorandum of law contains 1277 words, including any footnotes or endnotes and excluding only those sections of the brief that are exempted under Local Rule 7.1(c) and Your Honor's Individual Practices.  In preparing this certificate of compliance, I have relied on the word count of the word-processing system used to prepare this memorandum of law.

*/s/ Colin B. Davis*
Colin B. Davis