**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE QUIDELORTHO CORPORATION
SECURITIES LITIGATION

No. 24-cv-02804-JAV

<u>ORAL ARGUMENT REQUESTED</u>

### <u>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF COLIN B. DAVIS, EXHIBITS ATTACHED THERETO, AND DEFENDANTS' APPENDIX A PURSUANT TO RULES 12(D) AND 12(F)</u>

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

I.     INTRODUCTION ........................................................................................................ 1

II.    ARGUMENT ................................................................................................................ 2

      A.     Plaintiff's MTS Is Procedurally Proper ................................................................ 3

      B.     Defendants' Footnote Request Was Deficient ....................................................... 4

      C.     Exhibits 1-2, 5-6, 8, 36, 45-46 Should Not Be Judicially Noticed For The
           Reasons Requested By Defendants ........................................................................ 6

      D.     Exhibits 3-4, 7, 9-29, 31-32, 34-35, 38-42, 44 Should Not Be Considered For
           The Reasons Requested By Defendants ................................................................. 9

      E.     Exhibits 30, 33, 37, 43 Are Incomplete And Inaccurate And Should Not Be
           Considered ........................................................................................................... 10

      F.     The Court Should Strike Or Exclude Defendants' Appendix A ........................... 11

III.   CONCLUSION ........................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*,
28 F.4th 343 (2d Cir. 2022) ...................................................................................................9

*Bazzelle v. Novocure Ltd.*,
2025 WL 843668 (S.D.N.Y. Mar. 18, 2025) .........................................................................5

*In re Bristol-Myers Squibb Co. CVR Sec. Litig.*,
658 F. Supp. 3d 220 (S.D.N.Y. 2023).....................................................................................4

*City of Austin Police Ret. Sys. v. Kinross Gold Corp.*,
957 F. Supp. 2d 277 (S.D.N.Y. 2013)..................................................................................3, 8

*David Rovinsky LLC v. Peter Marco, LLC*,
2020 WL 5645792 (C.D. Cal. Sept. 21, 2020) .......................................................................6

*In re DraftKings Inc. Sec. Litig.*,
650 F. Supp. 3d 120 (S.D.N.Y. 2023).....................................................................................4

*Fogel v. Wal-Mart de México SAB de CV*,
2017 WL 751155 (S.D.N.Y. Feb. 27, 2017), *aff'd sub nom. Fogel v. Vega*,
759 F. App'x 18 (2d Cir. 2018) .............................................................................................12

*Fonte v. Bd. of Managers of Cont'l Towers Condo.*,
848 F.2d 24 (2d Cir. 1988)...............................................................................................3, 10

*In re Garrett Motion Inc. Sec. Litig.*,
2023 WL 2744029 (S.D.N.Y. Mar. 31, 2023), *aff'd sub nom. Gabelli Asset
Fund v. Garrett Motion Inc.*, 2024 WL 1653451 (2d Cir. Apr. 17, 2024) ..............................12

*Gluck v. Hecla Mining Co.*,
657 F. Supp. 3d 471 (S.D.N.Y. 2023).....................................................................................4

*Hawes v. Argo Blockchain
plc*, 2024 WL 4451967 (S.D.N.Y. Oct. 9, 2024) ...................................................................12

*U.S. ex rel. K&R Ltd. P'ship v. Mass. Hous. Fin. Agency*,
456 F. Supp. 2d 46 (D.D.C. 2006), *aff'd*, 590 F.3d 980 (D.C. Cir. 2008)..............................12

*Long Miao v. Fanhua, Inc.*,
442 F. Supp. 3d 774 (S.D.N.Y. 2020)......................................................................................4

*Luv n' care, Ltd. v. Jackel Int'l Ltd.*,
502 F. Supp. 3d 1106 (W.D. La. 2020).....................................................................................5

*Mascitti v. Quarterman*,
  2009 WL 4728003 (S.D. Tex. Dec. 3, 2009) ....................................................................5

*In re MINISO Grp. Holding Ltd. Sec. Litig.*,
  2024 WL 759246 (S.D.N.Y. Feb. 23, 2024), *reconsideration denied*, 2025 WL
  965688 (S.D.N.Y. Mar. 30, 2025) ...........................................................................4, 11

*Morales-Garcia v. Higuera Farms, Inc.*,
  2019 WL 4284512 (C.D. Cal. May 9, 2019) ...............................................................9

*Roth v. Jennings*,
  489 F.3d 499 (2d Cir. 2007)............................................................................6, 7, 8

*Saraf v. Ebix, Inc.*,
  2023 WL 4561655 (S.D.N.Y. July 17, 2023) ..............................................................4

*Schneidermesser v. NYU Grossman Sch. of Med.*,
  2024 WL 4054372 (S.D.N.Y. Sept. 5, 2024)................................................................3

*New York ex rel. TZAC, Inc. v. New Israel Fund*,
  520 F. Supp. 3d 362 (S.D.N.Y. 2021)........................................................................4

*In re UBS Auction Rate Sec. Litig.*,
  2010 WL 2541166 (S.D.N.Y. June 10, 2010) ............................................................3

*In re Under Armour Sec. Litig.*,
  409 F. Supp. 3d 446 (D. Md. 2019)............................................................................9

*Weston v. DocuSign, Inc.*,
  669 F. Supp. 3d 849 (N.D. Cal. 2023) ......................................................................9

*In re Yatsen Holding Ltd. Sec. Litig.*,
  2024 WL 3498049 (S.D.N.Y. July 22, 2024) ...........................................................10

## Other Authorities

Fed. R. Civ. P. 12(d) ..............................................................................................3

## I.    INTRODUCTION

Defendants filed an opposition to Plaintiff's MTS (ECF No. 62, "Defendants' MTS Opp."), which continues to oppose the motion to strike in its entirety, while seemingly also conceding that their footnote request for the sweeping admission of 46 exhibits and Defendants' Appendix A was deficient by simultaneously filing a belated, and also improper, Request for Consideration of Documents Incorporated By Reference and Eligible for Judicial Notice in Support of Defendants' Motion to Dismiss (ECF No. 61, "Request for Consideration") in connection with their reply in further support of their MTD.[1] Defendants cannot have it both ways; their initial footnote request was insufficient and now they have created a procedural mess that requires the Court to sift through four fully briefed motions (the MTD, Plaintiff's MTS, Defendants' MTS, and Defendants' Request for Consideration). For the reasons explained in Plaintiff's MTS and further detailed herein, the Court should strike the Declaration of Colin B. Davis (ECF No. 49, "Davis Decl."), which attaches the Exhibits for review by the Court, and "Defendants' Appendix A" (ECF No. 48-1). Further, the Court need not consider Defendants' Request for Consideration because it inappropriately raises new arguments and evidence that should have been raised in Defendants' initial moving papers.[2]

If the Court is nevertheless inclined to consider the documents attached to the Davis Declaration (which it should not), it can consider the documents for the limited purpose of determining what the documents state, but not for the truth of the matter asserted as Defendants

---

[1] Unless otherwise defined, capitalized terms have the meaning ascribed in Lead Plaintiff's Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 42) or in the Glossary contained in Plaintiff's MTD Opposition (ECF No. 50) (the "Glossary"). References to the Complaint herein appear as "¶___". Unless otherwise noted, emphasis has been added, internal citations and quotation marks are omitted.

[2] *See* Plaintiff's Opposition to Defendants' Request for Consideration (ECF No. 65) at 1-2.

request. On the other hand, the Court should not consider Defendants' Appendix A for its analysis whatsoever because that document improperly adds extraneous language to the Complaint's Misstatements and raises inaccurate factual arguments within the document based on the Exhibits.[3] Instead, the Court may utilize Plaintiff's Appendix A (ECF No. 50-1), which lists each of the Misstatements as they were pled in the Complaint and adds additional reference columns to aid the Court in its analysis of the parties' briefing in connection with Defendants' MTD.

## II.    ARGUMENT

Defendants' MTS Opposition attempts to cast Plaintiff's MTS as a "diversion to avoid meaningful scrutiny of the dispositive flaws" in the Complaint. Defendants' MTS Opp. 1. Quite the opposite, Plaintiff does not challenge Defendants' attempt to create a counternarrative because it purportedly provides the Court with the "whole truth" of what was disclosed to investors. *Id.* at 1-2. Rather, it is Plaintiff's contention that Defendants' use of the Exhibits, and request that the Court interpret the documents in a way most favorable to Defendants and inconsistent with the well-pled factual allegations of the Complaint, is inappropriate at this stage of the proceedings without affording Plaintiff's any access to discovery with which to challenge Defendants' counternarrative. The same is true for Defendants' Appendix A, which the Court should not use because language was liberally added to each Misstatement from Defendants' Exhibits, including language from inaccurate and incomplete investor conference call transcripts.

The remaining arguments in Defendants' MTS Opposition contend that: (i) Plaintiff's MTS is procedurally improper; (ii) Defendants' sweeping footnote request for the consideration of 46 documents was sufficient; (iii) Exhibits 1-2, 5-6, 8, 36, and 45-46 should be judicially

---

[3] *See* Plaintiff's MTS 17; *see also* Plaintiff's Opposition to Defendants' Motion to Strike Plaintiff's Appendix A and Glossary (ECF No. 64, "Pls.' Opp. to Defs.' MTS") at 4-7.

noticed for the reasons requested by Defendants; (iv) Exhibits 3-4, 7, 9-29, 31-32, 34-35, 38-42

and 44 should be considered for the reasons requested by Defendants; (v) Exhibits 30, 33, 37, and

44 are accurate and should not be stricken; and (vi) the Court should not strike Defendants'

Appendix A. Each of these arguments fail for the reasons explained below.

### A.    Plaintiff's MTS Is Procedurally Proper

Seeking relief under both Rules 12(d) and 12(f) of the Federal Rules of Civil Procedure,

Plaintiff asks the Court to strike or exclude certain documents and, at the very least, decline to

use the documents for the purposes requested by Defendants. In its opposition, Defendants first

argue that the MTS pursuant to Rule 12(f) is "procedurally improper" and should be denied on

those grounds. MTS Opp. 4-5 (without mentioning that relief is also sought under Rule 12(d)).

While some courts have disfavored motions to strike, it is well within the Court's authority to

strike or exclude matters presented outside the pleadings on a Rule 12(b)(6) motion to dismiss.

*City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 288–89 (S.D.N.Y.

2013) (granting plaintiff's motion to strike exhibits submitted in connection with defendants'

motion to dismiss in an attempt to dispute allegations in complaint); *In re UBS Auction Rate Sec.

Litig.*, 2010 WL 2541166, at *16 (S.D.N.Y. June 10, 2010); *Fonte v. Bd. of Managers of Cont'l

Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988) ("the court may exclude the additional material

and decide the motion on the complaint alone...."); FED. R. CIV. P. 12(d) ("If, on a motion under

Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to ***and not excluded by the

court***, the motion must be treated as one for summary judgment under Rule 56."). Indeed,

"[w]hether to grant or deny a motion to strike is vested in the trial court's sound discretion."

*Schneidermesser v. NYU Grossman Sch. of Med.*, 2024 WL 4054372, at *1 (S.D.N.Y. Sept. 5,

2024).

3

In any event, the Court need not grant Plaintiff's MTS to deny Defendants' request for consideration of these documents and refrain from: (i) considering the documents for the reasons requested by Defendants; or (ii) utilizing Defendants' Appendix A when analyzing Defendants' MTD.

### B.    Defendants' Footnote Request Was Deficient

Defendants' MTS Opposition dedicates two full pages to their argument that courts should consider arguments made in footnotes, such as their two-sentence footnote that they claim was purportedly sufficient to request the Court's consideration of 46 separate documents. Defendants' MTS Opp. 5-7. However, each of the cases that Defendants cite in support of this argument is distinguishable. *See, e.g.*, *New York ex rel. TZAC, Inc. v. New Israel Fund*, 520 F. Supp. 3d 362, 376 n.4 (S.D.N.Y. 2021) (noting that defendants' "blanket request for judicial notice" was ***unopposed*** and "the Court does not analyze whether each individual exhibit is appropriate for judicial notice" because it "did not rely upon many of [defendant's] submissions" in denying the motion to dismiss); *see also In re MINISO Grp. Holding Ltd. Sec. Litig.*, 2024 WL 759246, at *9 n.20 (S.D.N.Y. Feb. 23, 2024) (judicially noticing documents when plaintiff ***did not oppose such requests***, except for earnings call transcripts, for which the Court ruled that it will use plaintiff's versions).[4]

---

[4] *See also In re Bristol-Myers Squibb Co. CVR Sec. Litig.*, 658 F. Supp. 3d 220, 227 (S.D.N.Y. 2023) (granting ***unopposed*** request in connection with motion to dismiss second amended complaint after court already found consideration warranted in connection with defendants' motion to dismiss the first amended complaint); *Gluck v. Hecla Mining Co.*, 657 F. Supp. 3d 471, 481 (S.D.N.Y. 2023) (granting ***unopposed*** request to judicially notice that documents contained certain information without regard to the truth of their contents); *Saraf v. Ebix, Inc.*, 2023 WL 4561655, at *1 (S.D.N.Y. July 17, 2023) (granting ***unopposed*** request for judicial notice of SEC filings); *In re DraftKings Inc. Sec. Litig.*, 650 F. Supp. 3d 120, 134 (S.D.N.Y. 2023) (granting ***unopposed*** request for consideration of SEC filings and SEC Investor Bulletin); *Long Miao v. Fanhua, Inc.*, 442 F. Supp. 3d 774, 781 n.2 (S.D.N.Y. 2020) (considering documents "for fact

Moreover, unlike the unopposed footnote requests made by defendants in those cases, Defendants' footnote here fails to provide any explanation or discussion as to how the documents should be considered, why the documents can be considered, and on what grounds. *Compare* MTD at 3 n.1 (simply stating that "The Court may consider documents incorporated by reference in the Complaint" and "public disclosure documents … filed with the SEC"); *with Bazzelle v. Novocure Ltd.*, 2025 WL 843668, at *6-7 (S.D.N.Y. Mar. 18, 2025) (granting request for judicial notice and incorporation by reference for limited purpose of determining what statements the documents contained based on detailed requests) *and Bazzelle v. Novocure Ltd.*, No. 1:23-CV-5146-GHW, ECF No. 72 at nn. 3, 8, 10, 12, 14 (footnotes explicitly reference certain exhibits by category and explain how the court should consider them and on what grounds).

Further, Defendants apparently refuse to acknowledge that Plaintiff does contend that the two-sentence footnote request "failed to supply the Court with the necessary information here." *See* Defendants' MTS Opp. 5, *see also* Plaintiff's MTS 4-6 ("This footnote omits the mention of any particular Exhibit, forcing the Court and Plaintiff to speculate as to why these documents should be considered and on what grounds."). Defendants' two-sentence footnote does not adequately "identify the fact to be noticed, the purpose and relevance of that fact, and 'the source of indisputable accuracy'" for a fact that can be accurately and readily determined under Rule 201(b)(2). *See Luv n' care, Ltd. v. Jackel Int'l Ltd.*, 502 F. Supp. 3d 1106, 1108 (W.D. La. 2020) (quoting 21B Charles Alan Wright & Kenneth Graham, FEDERAL PRACTICE AND PROCEDURE § 5107.1 (2d ed. 2005)); *see also Mascitti v. Quarterman*, 2009 WL 4728003, at

---

that the statements were made" based on descriptive footnotes explaining why court can consider certain documents and on what grounds); *Long Miao v. Fanhua, Inc.*, No. 1:18-cv-08183-PAE, ECF No. 34 at nn. 4, 6-8, 10-12, 14 (explaining why and how documents should be considered).

*1 (S.D. Tex. Dec. 3, 2009) ("Failure to address any one of these factors would arguably undercut a request for judicial notice").

Separately, while the Court should not entertain Defendants' belated Request for Consideration because it contains new arguments and evidence that should have been raised in the party's initial moving papers, none of the additional arguments and caselaw support the relief sought, as discussed below. *See* Plaintiff's Opposition to Defendants' Request for Consideration (ECF No. 65) at 1-2.

### C.    Exhibits 1-2, 5-6, 8, 36, 45-46 Should Not Be Judicially Noticed For The Reasons Requested By Defendants

Defendants concede that Exhibits 1-2, 5-6, 8, 36, and 45-46 were not incorporated by reference in the Complaint,[5] but still maintain that the Court should consider these documents for the reasons requested because they "contain facts appropriate for judicial notice…." Defendants' MTS Opp. 7-8. While the Court should strike or exclude these exhibits for the reasons explained *supra*, it may judicially notice these documents for the limited purpose of determining "what statements [they] contained." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). This, however, is not what Defendants are requesting or how their MTD uses these documents. Rather, Defendants' requests go too far by asking the Court to consider these documents for the truth of the matter asserted in support of their inaccurate arguments. *See id.* ("If the court takes judicial notice, it does so in order 'to determine what statements [they] contained'—but 'again not for the

---

[5] Given the vague and incomplete request for consideration in the two-sentence footnote, it was unclear what exactly Defendants were requesting and on what grounds. *See* MTD 3 n.1; *see also* Plaintiff's MTS 4-6. While Defendants' MTS Opposition and Request for Consideration now clarify their requests, the Court should not reward their willingness to waste judicial resources with supplemental briefing. *See David Rovinsky LLC v. Peter Marco, LLC*, 2020 WL 5645792, at *2 (C.D. Cal. Sept. 21, 2020) ("[The parties] present new arguments in requests for judicial notice and supplemental declarations…. The Court did not permit supplemental briefing, so it does not consider these arguments in evaluating the pending motions.").

truth of the matters asserted.'"); *see also* Plaintiff's MTS 6-10. Even Defendants admit that such a request is inappropriate for judicial notice. Defendants' MTS Opp. 8.

For example, as explained in Plaintiff's MTS, Defendants ask the Court to judicially notice Exhibit 36, a Bloomberg News Article dated November 1, 2023, for the proposition that QuidelOrtho disclosed the full extent of the Company's decline in COVID revenues. *See* MTD 8, 23 ("which QuidelOrtho disclosed (*see supra* Factual Background at § IV)"). While the Court can consider the fact that the Bloomberg News Article contains the statement that "[r]espiratory revenue decreased by 21% … primarily due to the anticipated decline in COVID-19 revenue[,]" it cannot judicially notice the incorrect factual assumption that the Company disclosed the full extent of its decline in COVID revenues, including the fact that the Company was losing market share to competitors that worsened as the Company doubled its guidance. *See* Plaintiff's MTS 9-10. Any finding along these lines would run afoul of the well-set precedent that documents cannot be judicially noticed for the truth of the matter asserted. *See Roth*, 489 F.3d at 510-11.

The same is true for Exhibit 5, a January 12, 2022 (pre-Class Period) transcript of the Bloomberg J.P. Morgan 40th Annual Healthcare Conference, which Defendants rely on to argue that "QuidelOrtho repeatedly disclosed that it faced constraints on its manufacturing capabilities." MTD 22. While the Court may judicially notice the fact that this document contains the statement "I think the biggest challenge right now [to Savanna] … will be how quickly can we ramp manufacture[,]" the Court cannot consider the document for the purpose of determining that Defendants fully disclosed the Company's "constraints on its manufacturing capabilities." *See id.*; *see also Roth*, 489 F.3d at 510-11. As discussed in Plaintiff's MTS, a fair reading of the pre-Class Period statement that Defendants cite within Exhibit 5 shows that they did not disclose that the Company was suffering from "constraints on its manufacturing capabilities" (nor that

Defendants "repeatedly" disclosed that) because that statement begins: "we're very ***encouraged*** by what we see so far …" *See* Exhibit 5 at 4; s*ee also Roth*, 489 F.3d at 511 ("Even assuming that those factual assertions were relevant, they raised issues of fact that should not have been determined at the pleadings stage."). Even so, this purported pre-Class Period disclosure is belied by Defendants' misrepresentations during the Class Period. *See, e.g.*, ¶327(g) ("As I said, the instrument build issues have been largely resolved. We think we are already at the capacity to have a meaningful launch."); *see also* ¶339(i) ("we've overcome Savanna instrument supply chain challenges").

Likewise, Defendants' attempt to judicially notice Exhibit 45, a post-Class Period July 31, 2024 earnings call transcript, for the purpose of having the Court find that the Company "continued to view Savanna as a competitive product and to invest in its next-generation respiratory and other panels[,]" is inappropriate. MTD 8. While the Court may take judicial notice of the fact that the document contains the statement that "we expect to enter clinical trials on our respiratory panel later this year, and … our goal is to be in the market with both the respiratory panel and the [STD] panel in 2025[,]" the Court cannot consider the document for the purpose of finding that the Company "continued" to view Savanna as a competitive product that could enter the market in the near future. *See Roth*, 489 F.3d at 510-11; *see also Kinross*, 957 F. Supp. 2d at 288–89 (S.D.N.Y. 2013) (rejecting defendants' attempt to judicially notice documents for truth of the matter asserted to dispute the complaint's scienter allegations). Indeed, as explained in Plaintiff's MTS, Defendants' post-Class Period document is belied by the Company's recent announcement that it "plans to discontinue the Company's Savanna platform development," a fact that directly aligns with the Complaint's allegations. Plaintiff's MTS 10.

8

**D.      Exhibits 3-4, 7, 9-29, 31-32, 34-35, 38-42, 44 Should Not Be Considered For The Reasons Requested By Defendants**

Plaintiff also asks that the Court refrain from considering the documents in Exhibits 3-4, 7, 9-29, 31-32, 34-35, 38-42 and 44 for the reasons explained *supra*, in Section II.B. If the Court is still nonetheless inclined to consider these Exhibits, it cannot consider these documents for the truth of the matters asserted as Defendants request. Defendants' MTS Opp. 11-14.

Defendants' MTS Opposition misinforms the Court that it may consider documents incorporated by reference in a complaint for the truth of their contents even if such assumptions only serve to dispute the facts stated in a well-pled complaint. *See id.* at 12 ("Plaintiff is wrong that documents incorporated by reference in the Complaint cannot be considered for their truth."). As courts have carefully instructed, defendants should not be permitted to incorporate documents by reference with the intention of resolving factual disputes at the pleadings stage. *See Morales-Garcia v. Higuera Farms, Inc.*, 2019 WL 4284512, at *2 (C.D. Cal. May 9, 2019); *see also Weston v. DocuSign, Inc.*, 669 F. Supp. 3d 849, 871 (N.D. Cal. 2023) ("Although a court may assume the contents of an incorporated document are true for the purposes of a motion to dismiss (unlike judicial notice), 'it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint.'"); *In re Under Armour Sec. Litig.*, 409 F. Supp. 3d 446, 456 (D. Md. 2019) ("Of course, any such facts noticed shall be construed in the light most favorable to the Plaintiffs.").

The case law cited in Defendants' MTS Opposition does not hold differently. For example, in *Bristol-Myers*, the Second Circuit relied on a document submitted by defendants on the grounds that the document's contents were inconsistent with factual allegations in the complaint purportedly sourced from that document, a claim that Defendants do not make here. *See Ark. Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 352 n.3 (2d Cir. 2022).

9

Similarly, the Court in *Yatsen* pointedly did not accept a submitted document for its truth, but did cite to a statement as being consistent with the court's determination that the complaint's allegations failed to allege with sufficient particularity the importance to revenues posed by sales from the two sales platforms at issue. *In re Yatsen Holding Ltd. Sec. Litig.*, 2024 WL 3498049, at *5 n.6 (S.D.N.Y. July 22, 2024).

Thus, as explained in Plaintiff's MTS, should the Court consider these challenged exhibits at all, its consideration should be limited to determining what the documents state, but not accept Defendants' characterization and use of the documents to contradict the well-pled facts and allegations in the Complaint. Plaintiff's MTS 12-16. To do so would require, in accordance with Rule 12(d), a conversion of the MTD to a summary judgement motion that would require a full factual record. *See Fonte*, 848 F.2d at 25 ("when matters outside the pleadings are presented in response to a 12(b)(6) motion: the court may exclude the additional material and decide the motion on the complaint alone or it may convert the motion to one for summary judgment....").

### E.    Exhibits 30, 33, 37, 43 Are Incomplete And Inaccurate And Should Not Be Considered

For the reasons explained in Plaintiff's MTS, the Court should strike or exclude Exhibits 30, 33, 37, and 43. These incomplete transcripts are inaccurate, as Plaintiff's own transcripts of the events demonstrate. *See* ECF Nos. 53-1–4; Plaintiff's MTS 11. Indeed, the incompleteness and inaccuracy of Defendants' exhibits is conclusively demonstrated by the audio recordings of the events, which are publicly available and which Plaintiff is willing to provide to the Court if requested. *See* Plaintiff's MTS 11, n.4; *see also* Pls.' Opp. to Defs.' MTS 6-7 ("[T]he Individual Defendants—the makers of the statements—know that they made these statements. Their attempt

to present incomplete conference call transcripts to escape liability is dishonest. Plaintiff … can provide audio files of each conference call if requested.").[6]

The Court should not treat Exhibits 30, 33, 37, and 43 as accurate, or consider them when analyzing the well-pled allegations in the Complaint, simply because Defendants contend that they were obtained from "a verifiable source routinely considered by courts" such as Bloomberg. Defendants' MTS Opp. 15-16. The Individual Defendants said what they said at those conference calls, and their attempts to submit incomplete transcripts as a way to avoid liability for those statements is concerning.

Regardless, as Defendants' own case law explains, the Court should "accept[] all factual allegations in the complaint as true and draw[] all reasonable inferences in the plaintiff's favor." *Miniso*, 2024 WL 759246, at *9 n.20. In doing so, to the extent the Court goes outside the Complaint and relies on any source documents, the Court should consider the versions of the transcripts that were actually used to draft the Complaint. *Id.* ("the Court will use the versions cited in the SAC.").

### F.    The Court Should Strike Or Exclude Defendants' Appendix A

As explained throughout the various motions briefed in connection with Defendants' MTD, the Court should strike or exclude Defendants' Appendix A because it inappropriately: (i) rewrites the alleged false and misleading statements and omissions; and (ii) adds arguments that

---

[6] Defendants purportedly contest that Plaintiff's exhibits are "unofficial and unreliable artificial intelligence-generated transcripts" and argue that the Court should refuse to consider these documents because "questions of authenticity exist." Defendants' MTS Opp. 15-16. Tellingly, Defendants do not explain what these purported "questions of authenticity" are or offer to supply the Court with audio recordings that support the notion that their transcripts are more accurate. *Id.* Nor could they. The audio recordings from these earnings calls and investor conference calls clearly demonstrate the accuracy of the Complaint's allegations.

erroneously contest the accuracy of misstatements and omissions pled in the Complaint. *See* Plaintiff's MTS 1, 17; *see also* Pls.' Opp. to Defs.' MTS 4-7, 10-11.

The cases cited by Defendants do not support consideration of Defendants' Appendix A, although they do support the consideration of Plaintiff's Appendix A that lists the Misstatements, without additional improper language. *See* Pls.' Opp. to Defs.' MTS n.4. For example, while the courts in some of Defendants' cited cases appreciated the utility of submitted appendices of false and misleading statements, those appendices (the use of which was unopposed, unlike here) did not appear to provide any embellishment or arguments as presented in Defendants' Appendix A. *See Hawes v. Argo Blockchain plc*, 2024 WL 4451967, at *1 (S.D.N.Y. Oct. 9, 2024); *see also In re Garrett Motion Inc. Sec. Litig.*, 2023 WL 2744029, at *3 n.5 (S.D.N.Y. Mar. 31, 2023) (adopting and including in the opinion itself a version of defendants' unopposed appendix that accurately quotes the misstatements alleged in the complaint). Defendants' other cases are equally distinguishable. *See Fogel v. Wal-Mart de México SAB de CV*, 2017 WL 751155, at *18 (S.D.N.Y. Feb. 27, 2017) (denying plaintiff's motion to strike as moot because the Court did not "utilize Defendants' appendices in reaching its decision"); *U.S. ex rel. K&R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 52–53 (D.D.C. 2006) (denying motion to strike exhibit containing factual contentions at summary judgment stage).

Plaintiff does not oppose the use of an appendix that actually lists the Complaint's Misstatements, which is why the Court should use Plaintiff's Appendix A as an accurate compendium of the Complaint's alleged Misstatements.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strike or exclude the Davis Declaration, the Exhibits attached thereto, and Defendants' Appendix A, in their entirety, and disregard statements or arguments made in Defendants' MTD in reliance on the

Exhibits. In the event that the Court is inclined to consider any of the Exhibits to the Davis Declaration, Plaintiff respectfully requests that the Court decline to use the documents to challenge the Complaint's allegations, which at this stage should be accepted.

DATED: July 30, 2025                    Respectfully submitted,

_/s/ Lauren A. Ormsbee_
**LABATON KELLER SUCHAROW LLP**
Lauren A. Ormsbee
Lisa M. Strejlau
Charles J. Stiene
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
lormsbee@labaton.com
lstrejlau@labaton.com
cstiene@labaton.com

_Counsel for Lead Plaintiff and Lead_
_Counsel for the Proposed Class_

13

## CERTIFICATE OF COMPLIANCE

I, Lauren A. Ormsbee, hereby certify that this memorandum of law complies with the length restrictions in Local Civil Rule 7.1(c).

I further certify that this memorandum of law contains 3,495 words, including any footnotes or endnotes and excluding only those sections of the brief that are exempted under Local Rule 7.1(c) and Your Honor's Individual Practices. In preparing this certificate of compliance, I have relied on the word count of the word-processing system used to prepare this memorandum of law.

*/s/ Lauren A. Ormsbee*
Lauren A. Ormsbee