# GIBSON DUNN

Colin B. Davis
Partner
T: +1 949.451.3993
M: +1 949.431.3916
cdavis@gibsondunn.com

August 29, 2025

The Honorable Jeannette A. Vargas
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 703
New York, New York 10007

Re:    *In re QuidelOrtho Corp. Securities Litigation*, No. 24-cv-02804 (S.D.N.Y.)

Dear Judge Vargas:

Defendants in the above-referenced matter respectfully submit this letter in response to Lead Plaintiff's August 22, 2025 notice of "supplemental authority" concerning Defendants' pending motion to dismiss.  *See* ECF No. 69 (the "Letter").

For many of the same reasons set forth in Defendants' July 11, 2025 letter, *Levon v. CorMedix Inc.*, No. CV 21-14020 (JXN) (CLW), 2025 WL 2400346 (D.N.J. Aug. 19, 2025), is distinguishable and has no persuasive value because the *CorMedix* complaint included specific and particularized allegations demonstrating (i) why the challenged statements were false or misleading and (ii) the detailed information the defendants allegedly knew that contradicted their public statements.  *See* ECF No. 63 at 1–2.  As set forth in Defendants' motion to dismiss, ECF No. 48 at 17–24, 29–31, Lead Plaintiff pleads no similar facts here.

In *CorMedix*, the plaintiff alleged that the defendants had conducted an internal audit that concluded that the company's commercial manufacturing organization "would never be able to pass FDA inspection," *CorMedix*, 2025 WL 2400346, at *2, and that the FDA had issued a complete response letter identifying "numerous manufacturing deficiencies" at the manufacturer, *id*. at *9.  Given these specific allegations, the court found defendants had a duty to disclose (i) "that it could not quickly resolve the identified manufacturing deficiencies," *id*., and (ii) "the issues at [the manufacturing] facility impeding the proscribed timeline," *id*. at *10.

Lead Plaintiff emphasizes the *CorMedix* court's finding that the PSLRA safe harbor did not immunize any forward-looking statements because "[c]autionary statements are not truly cautionary when the defendant knows that an identified risk has or will occur."  Letter at 2 (quoting *CorMedix*, 2025 WL 2400346, at *15).  But Lead Plaintiff ignores that it has not alleged with specificity that any defendant here *knew* an identified risk "ha[d] or w[ould] occur"—let alone facts contrary to any challenged statement.  *See* ECF No. 48 at 29–31, ECF No. 59 at 3.  Lead Plaintiff

**GIBSON DUNN**

also highlights the *CorMedix* court's rejection of the defendants' "puffery defense" because "investors had a basis to and did rely on" defendants' optimistic statements. Letter at 2 (quoting *CorMedix*, 2025 WL 2400346, at *17).  But again, Lead Plaintiff overlooks the fact that no reasonable investor would have relied on the optimistic statements at issue here.  *See* ECF No. 48 at 15–16.  The court's finding that the defendants' opinion statements—including that the defendants believed the company had adequately addressed the FDA's concerns—were actionable similarly does nothing to bolster Lead Plaintiff's argument.  Letter at 2.  The *CorMedix* plaintiff specifically alleged defendants proffered the purported opinions "without evidence" that the company had resolved the "objectionable conditions that the FDA had already told Defendants was required … before [its] application may be approved."  *CorMedix*, 2025 WL 2400346, at *18.  No similar allegations exist here.

The *CorMedix* court also declined to discount allegations from confidential witnesses because the plaintiff had alleged "with the requisite particularity 'the who, what, where, when and how' about [the] confidential witnesses and the basis of their knowledge about the alleged securities fraud."  *Id*. at *21.  Although Lead Plaintiff argues that Defendants "do not challenge the credibility of a single FE," *see* Letter at 3, this is simply not true.  Indeed, Defendants' Opening Brief dedicates nearly four pages, ECF No. 48 at 25–29, to explaining why Lead Plaintiff has failed to allege "the reliability of [its] confidential witness's statements." *CorMedix*, 2025 WL 2400346, at *21.  As to the *CorMedix* court's application of the "core operations" doctrine, Lead Plaintiff ignores that the defendants did not dispute that "DefenCath's approval was critical to CorMedix's viability and the issues at the [manufacturer] effected [sic] the core of CorMedix's business."  *Id*. at *23.

This Court should grant Defendants' motion to dismiss for the reasons set forth in Defendants' motion to dismiss and reply.

Respectfully submitted,

Colin B. Davis
Partner

cc: All Counsel of Record (*via ECF*)