# GIBSON DUNN

Colin B. Davis
Partner
T: +1 949.451.3993
M: +1 949.431.3916
cdavis@gibsondunn.com

<u>VIA ECF</u>

October 10, 2025

The Honorable Jeannette A. Vargas
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 703
New York, New York 10007

Re:    *In re QuidelOrtho Corp. Securities Litigation*, No. 24-cv-02804 (S.D.N.Y.)

Dear Judge Vargas:

Defendants in the above-referenced matter respectfully submit this letter in response to Lead Plaintiff's October 3, 2025 notice of "supplemental authority" concerning Defendants' pending motion to dismiss.  *See* ECF No. 71 (the "Letter").

In their third notice of supplemental authority in as many months, Lead Plaintiff purports to draw the Court's attention to a factually inapposite decision arising from alleged channel-stuffing practices that merely reaffirms well-established legal principles.  Defendants do not dispute that Second Circuit law requires that "once a company speaks on an issue or topic," it must "tell the whole truth" to avoid making those statements "materially misleading."  *Gimpel v. The Hain Celestial Grp. Inc.*, No. 23-7612, -- F.4th --, 2025 WL 2749562, at *10 (2d Cir. Sept. 29, 2025).  What Defendants do dispute, and what *Hain Celestial* sheds no light on, is that Defendants failed to disclose any truth that rendered their statements misleading.  ECF No. 48 at 10–17.

Lead Plaintiff also emphasizes the *Hain Celestial* court's finding that "allegations of compensation 'move the needle'" towards inferring scienter.  Letter at 2.  But Lead Plaintiff elides the specific allegations in *Hain Celestial* that two individual defendants received millions of dollars in bonuses and stock awards directly "tied to the metrics Hain overstated" through the alleged channel stuffing.  2025 WL 2749562 at *14.  These specific allegations of a direct link between a defendant's compensation and the alleged fraudulent statements are absent here.  ECF No. 48 at 34 n.31.  Lead Plaintiff's reliance on the *Hain Celestial* court's finding that confidential witness allegations supported an inference of scienter similarly is misplaced.  Letter at 2.  Unlike here, the *Hain Celestial* complaint included particularized allegations from confidential witnesses that the individual defendants participated in channel-stuffing activities, which supported an inference of fraud.  *See* 2025 WL 2749562 at *15 (alleging individual defendants "negotiated the concessions and directed Hain employees to push product on distributors").  No similar allegations exist here.

**Gibson, Dunn & Crutcher LLP**
3161 Michelson Drive Suite 1200  |  Irvine, CA 92612-4412  |  T: 949.451.3800  |  F: 949.451.4220  |  gibsondunn.com

# GIBSON DUNN

Lead Plaintiff also purports to draw the Court's attention to the *Hain Celestial* court's finding that the departure of the individual defendants "under suspicious circumstances" supported a strong inference of scienter. Letter at 2. There, the plaintiffs alleged "a litany of suspicious personnel changes … some of which the CWs' allegations link[ed] to the alleged fraud." 2025 WL 2749562 at \*16. By contrast, Lead Plaintiff here cannot—and does not—link any executive departures to any alleged fraud. ECF No. 48 at 32. Finally, Lead Plaintiff emphasizes the *Hain Celestial* court's "confirm[ation]" in a footnote that the "core-operations" and "magnitude of the fraud" doctrines support a finding of scienter. Letter at 2. Tellingly, Lead Plaintiff omits the portion of the footnote explaining that the Second Circuit has not "clearly affirmed the validity of [the core-operations] doctrine following the passage of the PSLRA." 2025 WL 2749562 at \*16 n.19. And, in any event, the core operations doctrine does not allow an inference of scienter based on a single product that was projected to contribute less than 2% of the Company's revenue. ECF No. 48 at 31–32.

Lead Plaintiff's citation of an out-of-circuit district court decision only highlights the deficiency of Lead Plaintiff's allegations here. In *Alghazwi v. Beauty Health Co.*, the court found that "alleged statements about customer feedback were misleading because they highlighted only positive feedback," despite allegations of high return rates for the defendant company's skincare treatment device, more than 5,000 documented customer complaints, and executive acknowledgement of issues with the device. 2025 WL 2751076, at \*5, \*17 (C.D. Cal. Sept. 23, 2025) ("*BHC*"). The *BHC* court found that the complaint not only "provide[d] specific allegations that belie[d] Defendants' representations that customers were thrilled with" the device, but also "exhaustively identifie[d] the timing and means through which Defendants allegedly acquired knowledge about" these issues. *Id*. at \*12–\*13. Indeed, the *BHC* complaint alleged that the defendants (i) "personally directed employees to follow a policy of 'no questions asked'"; (ii) "had access to internal databases that tracked customer complaints" that were reported to the defendants in detail; (iii) "rented warehouse space to store the returned [devices] immediately before an external audit"; and (iv) "personally reached out" to the founder of a Facebook group highlighting issues with the device to ask her to take down the group. *Id*. *BHC*'s particularized allegations differ significantly from Lead Plaintiff's allegations here, which generally allege that the Company received negative feedback about its RVP4 test that are consistent with the Company's disclosure of manufacturing challenges. ECF No. 48 at 17.

Like the complaint, Lead Plaintiff's third notice of supplemental authority aggregates allegations of general awareness of wrongdoing while overlooking the PSLRA's requirement that a plaintiff particularize the information a speaker knew and when, such that the speaker should have known his or her statement was false or misleading when made. This Court should grant Defendants' motion to dismiss for the reasons set forth in Defendants' motion to dismiss and reply.

# GIBSON DUNN

Respectfully submitted,

Colin B. Davis
Partner

cc: All Counsel of Record (*via ECF*)